**Maxine GILBERT, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 02–3208.

United States Court of Appeals, Federal Circuit.

Dec. 6, 2002.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Maxine Gilbert ("Gilbert") seeks review of the Merit Systems Protection Board's ("Board") decision dismissing her appeal following the entry of a written settlement agreement between Gilbert and the Department of the Army ("the agency"). *Gilbert v. Dep't of the Army,* No. AT–0752–01–0823–I–1 (M.S.P.B. Nov.20, 2001). Because we concur with the Administrative Judge ("AJ") that the settlement agreement: 1) indicated that the parties understood its terms and entered into it freely; and 2) was lawful on its face, we *affirm.*

## DISCUSSION

Our review of an appeal from a Board decision is limited. We will reverse a decision of the Board only if it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law or not supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000).

The agreement between Gilbert and the Army states "1. The parties have read the entire contents of this agreement and fully understand its terms. The parties agree to the terms of this agreement voluntarily." Gilbert agreed that in return for, *inter alia*, withdrawing her appeal to the Board and her EEOC complaints, she would receive $50,000 and a neutral job reference, and all references from her removal action and previous suspension would be removed from her personnel file.

Gilbert now asserts that various things have happened as a result of the settlement, such as her being "black-balled" from the respiratory therapy community in the Atlanta area and her being followed. Gilbert does not, however, allege that the AJ erred in finding that the settlement agreement was valid and enforceable. Thus, Gilbert appears to be requesting we re-open her file so she can re-negotiate the settlement with new legal counsel and seek a larger monetary award and some form of protection from behavior such as the alleged black-balling actions of agency employees. In essence, she is attacking the substance of the settlement agreement. However, as the government correctly points out, wanting to change the substance of an agreement or behavior after the agreement does not alter the Board's findings that the settlement was entered into freely and voluntarily and with the mutual understanding of the parties.

■ In order to void a settlement, an appellant must show that the agreement was "unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (2000). And "[t]he controlling question is thus whether [the] MSPB abused its discretion in entering its order of dismissal ..., and that question turns on whether [petitioner] had shown that 'the contract he has made is tainted with invalidity,' such that the refusal to vacate the settlement constituted such abuse." *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir.1982) (citation omitted).

■ Gilbert makes vague assertions that she was represented by "incompetent" counsel, emphasizing that her representative repeatedly suggested Gilbert settle her claim. However, Gilbert's unsubstantiated allegations that her counsel was "incompetent" are not sufficient to raise a question as to the validity of the settlement agreement because she "does not provide, and the record does not otherwise disclose, evidence to support [the] allegation.... A bare allegation ... is not sufficient to set aside the parties' settlement agreement." *Tiburzi v. Dept. of Justice*, 269 F.3d 1346, 1355 (Fed.Cir.2001). Nor does she assert any unlawfulness, involuntariness, fraud or mutual mistake when the settlement agreement was signed.

■ Finally, it appears Gilbert is arguing that the agency breached its settlement agreement. However, such allegations are not matters for initial consideration in a petition for review to the Board or on appeal to us. *See Sargent v. Dep't. of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed.Cir. 2000); *Harman v. Dep't of Defense*, 76 M.S.P.R. 438, 441 (1997).

Because Gilbert has not shown that the AJ abused her discretion in finding the

 

settlement agreement lawful, valid, and entered into voluntarily, we affirm.

No costs.