**Calvin R. WEST, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3196.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 7, 2003.

Before CLEVENGER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Calvin R. West seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing his petition to set aside a "Settlement Agreement and Release" ("settlement agreement") with the United States Postal Service ("agency"). *West v. United States Postal Serv.*, No. DA0752020406–I–1, 93 M.S.P.R. 378, 2003 WL 230731 (M.S.P.B. Jan. 24, 2003) ("Final Decision"). We *affirm* the decision of the Board.

I

On June 1, 2002, Mr. West was removed from employment at the agency for violation of the "Code of Ethical Conduct–Failure to Disclose Earnings." Underlying his removal was an agency investigation that determined he had collected unemployment compensation from the U.S. Department of Labor, Office of Workers' Compensation Program, for various work related injuries, while at the same time failing to report concurrent outside employment and income. Because of the nature and length of Mr. West's conduct (approximately 10 years), the agency concluded that his "actions cast grave doubts upon [his] ability to be truthful" and his "removal [was] necessary to promote the efficiency of the Service."

Mr. West appealed his removal. But, prior to a hearing on the matter, the parties informed the Administrative Judge ("AJ") assigned to the case that they had reached a settlement agreement resolving the issues on appeal. The agreement includes, *inter alia*, the agency's promise to remove documentation of the allegations made against Mr. West from his Official Personnel Record, and, if requested by a prospective employer, the promise to prepare a "content-neutral" letter as to Mr. West's qualifications and work history with the agency. In exchange, Mr. West agreed to dismiss the matter with prejudice, resign from the agency effective December 1, 2002, and waive any claims arising from his employment relationship with the agency. The settlement agreement contains numerous representations that Mr. West read and understood what claims he was waiving, and further states that he was advised to consult with an attorney, should he so desire, prior to executing the agreement. Mr. West executed the settlement agreement on September 16, 2002.

The AJ reviewed the settlement agreement, concluded it was legal on its face, and stated, "it appears that the parties freely entered into the agreement, they understand its terms, and they want the terms of the agreement to be enforceable by the Board." *West v. United States*

*Postal Serv.,* No. DA0752020406–I–1 (M.S.P.B. Sept. 16, 2002) ("Initial Decision"). The AJ accepted the settlement agreement as the final and binding resolution of the appeal under 5 C.F.R. § 1201.41(c)(2), and accordingly, dismissed the appeal. *Id.*

Mr. West subsequently petitioned the Board for review of the AJ's decision. The Board denied the petition. Mr. West then petitioned for review in this court. We have jurisdiction over this appeal pursuant 28 U.S.C. § 1295(a)(9) (2000).

## II

We must affirm the final decision of the Board unless we determine that the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

An agreement between an agency and a petitioner settling their dispute is the final and binding resolution of the appeal. *Perry v. Dep't of the Army,* 992 F.2d 1575, 1577 (Fed.Cir.1993); 5 C.F.R. § 1201.41(c)(2) (2003). Accordingly, Mr. West is without recourse unless the settlement agreement can be set aside.

Refusal by the Board to set aside a settlement agreement that is invalid may be an abuse of discretion. However, a party desiring to set aside a settlement agreement bears the heavy burden of demonstrating that the agreement is invalid because it is unlawful, was involuntary, or was the result of fraud or mutual mistake. *Sargent v. Dep't of Health & Human Servs.,* 229 F.3d 1088, 1091 (Fed.Cir.2000); *Asberry v. United States Postal Serv.,* 692 F.2d 1378, 1380–81 (Fed.Cir.1982).

Mr. West contends that he executed the settlement agreement involuntarily, i.e., "was persuaded to sign a voluntary resignation," and that he signed the "settlement agreement ... [under duress]." However, "[a] bare allegation of coercion is not sufficient to set aside the parties' settlement agreement." *Tiburzi v. Dep't of Justice,* 269 F.3d 1346, 1355 (Fed.Cir.2001). Moreover, Mr. West never presented this argument to the AJ, did not produce any new, previously unavailable evidence to support his assertion, and, in any case, the allegation is not supported by the record.

## III

After careful review of the record, the settlement agreement, and Mr. West's brief, we find that Mr. West has not established any ground for setting aside the settlement agreement. Therefore, we affirm the Board's decision dismissing his petition for review.