**Michael P. MCFADDEN, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 04–3043.

United States Court of Appeals, Federal Circuit.

DECIDED: April 7, 2004.

Michael P. McFadden, Edinboro, PA, pro se.

Steven Mager, David M. Cohen, James M. Kinsella, Department of Justice, Washington, DC, for Respondent.

Before MAYER, Chief Judge, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Michael P. McFadden appeals from a decision of the Merit Systems Protection Board, Docket No. PH–0752–01–0394–X–1, in which the Board denied a petition by the United States Department of Agriculture to enforce a settlement agreement against Mr. McFadden. Mr. McFadden agrees that the Board correctly denied the petition, but he argues that the Board erred by failing to address his claims of misconduct by the Department of Agriculture and by the administrative judge. We *affirm.*

## BACKGROUND

Mr. McFadden worked as a Supervisory Agricultural Management Specialist at the

Harrisburg, Pennsylvania, office of the Farm Service Agency ("the Agency"), a division of the Department of Agriculture. On July 12, 2001, the Agency sought to remove Mr. McFadden for conduct unbecoming a federal employee. After an internal decision sustaining the charges, and during the pendency of Mr. McFadden's appeal to the Board, Mr. McFadden and the Agency reached a settlement agreement that resulted in the dismissal of the appeal. The settlement agreement provided, in pertinent part:

The Appellant agrees to:

. . . .

3. never seek employment with the Farm Service Agency (a component within the United States Department of Agriculture) or its successor Agency at the State or County level in a Federal or County office position. It is further agreed that by signing this Agreement, the Appellant does not waive his right to apply for other Federal employment.

Both Parties Agree:

. . . .

6. this settlement Agreement will be entered into the record of the Merit Systems Protection Board so that the Board will retain jurisdiction for the purpose of enforcing compliance with the terms of this Agreement.

In September 2002, Mr. McFadden applied for employment as a Loan Specialist (Agricultural) in the Agency's Washington, D.C., office. The Agency filed a motion with the Board to enforce the settlement agreement, arguing that by applying for employment with the Agency's Washington office, Mr. McFadden had violated the settlement agreement. Mr. McFadden responded by arguing that the agreement barred him only from seeking employment with the Agency's state or county offices

and did not bar him from seeking employment in the Agency's national office in Washington, D.C.

The administrative judge who was assigned to the case ruled that Mr. McFadden had violated the settlement agreement and granted the Agency's petition for enforcement. The administrative judge served a copy of the decision on the Office of Personnel Management ("OPM").

Mr. McFadden appealed the administrative judge's decision to the full Board, arguing that the settlement agreement did not bar him from applying for a position with the Agency's national office. He also alleged that the Agency had breached the agreement by filing the petition for enforcement and that the Agency's breach was a "form of job discrimination in thwarting [his] attempt to secure employment." Mr. McFadden argued that, but for the filing of the petition, the Agency would have awarded him one of the jobs for which he had applied. He therefore requested that the Board place him in the position for which he had applied, grant him back pay and benefits, and restore any sick leave lost because of the delay in his obtaining employment with the Agency. Finally, Mr. McFadden complained that the administrative judge had violated his privacy by serving her order on OPM.

The Board reversed the administrative judge's decision and denied the Agency's petition for enforcement. The Board interpreted the settlement agreement to bar Mr. McFadden from seeking employment at the Agency's state and county offices, but not the Agency's national office in Washington, D.C. In a footnote, the Board responded to Mr. McFadden's privacy concerns by stating that "[s]ervice of Board decisions on OPM . . . is required by statute. 5 U.S.C. § 7701(b)(1)."

Mr. McFadden agrees with the Board's decision refusing to enforce the settlement

agreement, but he takes this appeal to press his allegations that the Agency breached the agreement by filing a petition for enforcement and that the Board violated his privacy rights by serving a copy of the initial decision on OPM.

## DISCUSSION

■ 1. Mr. McFadden requests that we direct the Board to order the Agency to appoint him to one of the positions for which he applied and to grant him the related back pay and benefits. He complains that although the Board ruled in his favor and denied the Agency's petition to enforce the settlement agreement, the Agency's act of filing the petition prevented him from being appointed to one of the positions for which he applied. In particular, Mr. McFadden argues that the Agency's act of filing the petition violated 5 U.S.C. § 2302(b), which provides, in pertinent part, that:

> (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—
>
> . . .
>
> (4) deceive or willfully obstruct any person with respect to such person's right to compete for employment . . .
>
> (5) influence any person to withdraw from competition for any position for the purpose of improving or injuring the prospects of any other person for employment;
>
> (6) grant any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment. . . .

Mr. McFadden further contends that the Agency's petition was filed for the purpose of harassment and retaliation, citing 5 U.S.C. § 2302(b)(9)(A):

> (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—
>
> . . .
>
> (9) take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of—
>
> (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation. . . .

Mr. McFadden did not raise any of those allegations before the administrative judge. Rather, Mr. McFadden raised the allegations of wrongdoing by the Agency for the first time in his petition for review of the administrative judge's recommendation by the full Board. We have previously held that "[a] party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court." *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir.1998). Moreover, in his brief before the full Board, Mr. McFadden did not describe with any specificity the reasons why he believed the Agency was violating the agreement. Instead, he merely alleged, without elaboration, that the Agency's attempt to enforce the agreement was itself a violation of the agreement. To the extent that Mr. McFadden attempts to flesh out these allegations on appeal to this court, "[o]ur precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed.Cir.2000) (citation omitted).

■ Also for the first time on appeal to this court, Mr. McFadden alleges that the Agency violated his due process rights. He complains that the Agency removed his applications for employment from consideration without contacting him. He also argues that by failing to act on his employment applications and instead filing the petition for enforcement, the Agency violated his liberty and property interests. Essentially, Mr. McFadden argues that the Agency should have rejected his employment applications based on the settlement agreement rather than filing a petition to enforce the agreement. As explained above, Mr. McFadden cannot make these arguments to this court in the first instance. *See Bosley,* 162 F.3d at 668; *Sargent,* 229 F.3d at 1091.

■ Moreover, 5 C.F.R. § 1201.41(c)(2)(i) provides that "[i]f the parties offer [a settlement] agreement for inclusion in the record, and if the judge approves the agreement, it will be made a part of the record, and the Board will retain jurisdiction to ensure compliance with the agreement." In this case, the parties offered the settlement agreement for inclusion in the record, and the Board approved the settlement agreement. The Board thus retained jurisdiction over the settlement agreement. Since the Agency was alleging that Mr. McFadden's applications for employment violated the settlement agreement, it was permissible for the Agency to petition the Board for enforcement of the agreement under 5 C.F.R. § 1201.182. *See Perry v. Dep't of the Army,* 992 F.2d 1575, 1577 (Fed.Cir.1993). Although the Agency could have proceeded by rejecting Mr. McFadden's application based on the settlement agreement, nothing in the settlement agreement prevented the Agency from following the course that it chose.

In any case, the Board generally does not compel an agency to appoint an aggrieved applicant to one of the positions to which he applied. Rather, the remedy typically granted by the Board in cases involving initial appointments is to remove the impediment to the employee's appointment and to "return the affected applicant to the eligibility list for employment." *Jordan v. Dep't of Justice,* 91 M.S.P.R. 635, 637–38 (2002); *accord Lewis v. Gen, Servs. Admin.,* 54 M.S.P.R. 120, 122–23 (1992) ("Although the Board has broad power to enforce compliance with its orders, ... the Board can restore a Federal employee to his or her position only if he or she was duly appointed to it. When the Board reverses a negative suitability determination, and there has not been an appointment to that position, the proper remedy is to order the agency both to cancel the unsuitability rating and to return the affected applicant to the eligibility list for employment.") (citations omitted). By denying the Agency's petition for enforcement, the Board effectively made Mr. McFadden eligible to seek employment with the Agency's national office.

■ 2. Mr. McFadden also alleges that the administrative judge breached the confidentiality provision of the settlement agreement by unnecessarily disclosing her decision to OPM. The agreement provided that the parties would not "publicize this case (including settlement Agreement) in any manner, written or oral, nor discuss specifics of the settlement negotiations without a legitimate need to know." In addition to that provision of the agreement, Mr. McFadden relies on 5 U.S.C. § 2301(b)(2) to support his allegation that his privacy rights were violated. Section 2301 recites the principle that "applicants for employment should receive fair and equitable treatment ... with proper re-

gard for their privacy and constitutional rights."

The administrative judge did not violate Mr. McFadden's privacy rights, because, as the Board pointed out, 5 U.S.C. § 7701(b)(1) requires that "[a] copy of the decision ... be furnished to each party to the appeal and to the Office of Personnel Management." The act of complying with that statutory requirement does not violate any statutory or constitutional privacy right of the employee in question.