NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3355

CLINTON A. HUNTER,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Clinton A. Hunter, of Oklahoma City, Oklahoma, pro se.

Captain Melinda Greene, Trial Attorney, Air Force Legal Services Agency, United States Air Force, for respondent. Of counsel were David M. Cohen, Director; Deborah A. Bynum, Assistant Director; and Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3355

CLINTON HUNTER,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: January 11, 2007

_____

Before MICHEL, GAJARSA, and DYK <u>Circuit Judges</u>.

PER CURIAM.

Clinton Hunter appeals a Merit Systems Protection Board ("Board") decision in DA0752060258-I-1 approving a settlement agreement and dismissing the appeal.[1] We <u>affirm</u>.

## BACKGROUND

On February 17, 2006, Mr. Hunter was removed from his position as a Tools and Parts Attendant at Tinker Air Force Base in Oklahoma. He was removed because he allegedly threatened two other employees. The Department of the Air Force ("Air Force") deemed that removal was the proper penalty because Mr. Hunter had been previously suspended for periods of five and fourteen days respectively for failing to

---

[1] We note that in briefing this appeal, the government, contrary to our rules, cited a nonprecedential opinion issued before January 1, 2007. <u>See</u> Fed. Cir. R. 32.1(c).

work during overtime hours, misusing a government computer, and leaving the work area without permission.

On February 10, 2006, Mr. Hunter filed a timely appeal to the Board. He was represented on appeal by his attorney, Tony Gould. After negotiations, on May 19, 2006, the parties entered into a written settlement agreement. The agreement was executed by Mr. Hunter, Mr. Gould, and a representative from the Air Force. Pursuant to the settlement agreement, Mr. Hunter agreed to, *inter alia*, withdraw his appeal to the Board with prejudice, resign from his position with the Air Force, not reapply for employment with the Air Force for five years, and not apply for unemployment compensation based on his Air Force employment. In return, the Air Force agreed to amend all personnel documents to state that Mr. Hunter resigned for personal reasons, remove all records of his suspensions from his personnel file, tell all potential employers that Mr. Hunter's performance was "acceptable," and pay $10,000 in attorney's fees to Mr. Gould.

On the same day the parties executed the settlement agreement, an Administrative Judge ("AJ") approved the agreement stating that "I find that the agreement appears lawful on its face, the parties freely entered into it, and they understand its terms." Resp't App. 11. Accordingly, the AJ dismissed the appeal with prejudice pursuant to 5 C.F.R. § 1201.41(c)(2) (2006). **[RB App 11]** The decision became final on June 23, 2006, thirty five days after the AJ's decision. See 5 C.F.R. § 1201.113 (2006). **[RB App 12]** There is no indication that the petitioner challenged the voluntariness of the agreement before the Board.

A timely appeal to this Court followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

On appeal, petitioner argues that the settlement should be set aside as involuntary. There is no claim that the petitioner raised the question of voluntariness before the Board. We held specifically in Sargent v. Department of Health and Human Services, 229 F.3d 1088, 1091 (Fed. Cir. 2000), that this court is precluded from reviewing a claim that was never presented to the presiding official or the Board. In that case, the petitioner sought to invalidate an oral settlement agreement that was approved by an AJ. Id. at 1090. He did not raise any objection to the agreement before the AJ or petition for review to the full Board. Id. at 1091. Because the issue was not raised below, we did not consider the petitioner's argument that the settlement agreement was involuntary. Id. Sargent is directly on point. As Mr. Hunter did not first challenge the settlement agreement before the full Board, we cannot consider his argument.

Additionally, even if Mr. Hunter's claims had been properly raised below, his allegations, assuming he could prove them, would be insufficient to support a claim for involuntariness. Mr. Hunter claims that two days before he signed the settlement

agreement, Mr. Gould informed him that he could not continue to represent him on appeal unless Mr. Hunter paid $4,000 to $5,000 in legal fees. On May 18, 2006, Mr. Gould sent Mr. Hunter a copy of the settlement agreement. Mr. Gould allegedly stated by telephone that "if [Mr. Hunter] didn't [sign the agreement] the agency would rescind it and . . . [he would] still lose [the] appeal because [Mr. Gould] wouldn't be representing [him]." Mr. Hunter signed the settlement agreement that same day.

The petitioner bears a "heavy burden" in proving that a settlement agreement should be invalidated. Asberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). To "set aside a settlement agreement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." Sargent, 229 F.3d at 1091. Mr. Hunter has not met this burden. The potential withdrawal of Mr. Gould as Mr. Hunter's attorney did not render the settlement agreement involuntary. If Mr. Hunter wished to continue his appeal, he could have done so pro se. Moreover, to the extent that Mr. Hunter is arguing that he signed the agreement under economic duress, we have consistently held that financial hardship is an insufficient reason to set aside a settlement agreement. See Asberry, 692 F.2d at 1381. As this court stated in Asberry, "Every loss of employment entails financial hardship. If that alone were sufficient to establish economic duress, no settlement involving it would ever be free from attack." Id.

Accordingly, we affirm the Board's decision.

No costs.