NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3398

ELVIRA M. METCALFE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Elvira M. Metcalfe, of Oakland, California, pro se.

Sara B. Rearden, Attorney, Office of General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was Thomas N. Auble, Attorney.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3398

ELVIRA M. METCALFE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 19, 2007

_____

Before NEWMAN, SCHALL, and MOORE, Circuit Judges.

NEWMAN, Circuit Judge.

Elvira M. Metcalfe petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0752060352-I-1, dismissing her appeal for lack of jurisdiction and as untimely filed.  We affirm the decision of the Board.

## BACKGROUND

Ms. Metcalf resigned from her position as a Human Resource Assistant in the Forest Service, U.S. Department of Agriculture, effective Feb. 8, 2002, in lieu of removal. She subsequently signed a settlement agreement waiving any rights she might have against the agency or its employees, agreeing to withdraw her appeal to the Board and a pending EEO complaint, and agreeing to refrain from further litigation relating to her employment with the agency. The settlement agreement was entered into the Board record and her case dismissed as settled on April 24, 2002.

On May 10, 2002, Ms. Metcalf filed a petition for enforcement with the Board alleging that the written agreement was not in compliance with the oral agreement she had reached with the agency. She and the agency then negotiated and agreed to certain changes in the language of the agreement, and the Board dismissed the petition for enforcement as settled.

On Jan. 19, 2006, Ms. Metcalf filed another appeal with the Board claiming she had been forced to resign from the Human Resource Assistant position and seeking reinstatement so that she could transfer to another agency with continuity of service. She also requested punitive damages. The Board observed that the appeal appeared to have been settled and ordered Ms. Metcalfe to file evidence and argument to establish that the Board had jurisdiction over her appeal. The Board also noted that the appeal was untimely, having been filed more than three years after the effective date of the action challenged, rather than within the statutory period of 30 days. Finding Ms. Metcalfe's response inadequate to establish either involuntariness of her resignation or grounds for waiver of the untimeliness of her filing, the Board dismissed the appeal and this petition followed.

2006-3398                                    2

**DISCUSSION**

A settlement agreement between an agency and an appellant before the Board is the final and binding resolution of the appeal. See 5 C.F.R. §1201.41(c)(2)("Agreement. If the parties agree to settle their dispute, the settlement agreement is the final and binding resolution of the appeal, and the judge will dismiss the appeal with prejudice."). This court will set aside a settlement agreement only if the petitioner shows that it was unlawful, involuntary, or the result of fraud or mutual mistake. See Sargent v. Dept. of Health and Human Services, 229 F.3d 1088, 1091 (Fed. Cir. 2000) ("It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake.") (citing Wade v. Dep't of Veteran Affairs, 61 M.S.P.R. 580, 583 (1994)).

In its Initial Decision, the Board found the settlement agreement was lawful on its face, freely entered into, and that the parties understood the terms of the agreement. The fact that Ms. Metcalfe faced the unpleasant choices of accepting the settlement agreement or challenging a removal action does not render the choice coerced. See Schultz v. United States Navy, 810 F.2d 1133, 2236 (Fed. Cir. 1987) ("[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act."). Ms. Metcalf has not shown that her settlement agreement was coerced, and the Board properly dismissed her appeal as settled.

Nor did the Board err in granting the agency's motion to dismiss the appeal as untimely filed. Ms. Metcalfe's appeal was filed more than three years late. In her attempt to justify the late filing, Ms. Metcalfe mentioned "long term indefinite and/or permanent

medical injuries." However, she does not identify those medical injuries and why they precluded earlier filing. The record shows that she prosecuted other litigation during the same time frame, such as appeal of the denial of state unemployment compensation claims.

The Board correctly concluded that Ms. Metcalfe had not demonstrated that her late filing should be excused.