NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3113

DANNY W. NEAL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Danny W. Neal, of Fairland, Indiana, pro se.

Teresa A. Gonsalves, Appellate Counsel, Law Department, United States Postal Service, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, and Lori J. Dym, Chief Counsel, United States Postal Service.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3113

DANNY W. NEAL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0752-08-0613-I-1.

_____

DECIDED:  July 9, 2009
_____

Before NEWMAN, MAYER, and PROST, Circuit Judges.

PER CURIAM.

Danny W. Neal appeals the final order of the Merit Systems Protection Board which denied his petition for review of an initial decision dismissing his appeal as settled.  See Neal v. United States Postal Serv., CH-0752-08-0613-I-1 (M.S.P.B. Dec. 17, 2008).  We affirm.

"It is well-established that in order to set aside a settlement, an appellant must show that the agreement is 'unlawful, was involuntary, or was the result of fraud or mutual mistake.'"  Sargent v. Dep't of Health and Human Servs., 229 F.3d 1088, 1091

(Fed. Cir. 2000) (quoting Wade v. Dep't of Veterans Affairs, 61 M.S.P.R. 580, 583 (1994)). Although Neal contends that he was forced to enter into the settlement agreement, he proffers no persuasive evidence to support his contentions. Neal was represented by counsel when he accepted the settlement agreement with the United States Postal Service, and he stated on the record that he understood "each and every" term of the agreement and that he entered into it voluntarily and of his own free will. Before the board, he further acknowledged that he understood that the settlement agreement was "a final settlement" and that he had no right to "come back and try [his] case again." In addition, Neal stated that he had sufficient time to consider the agreement and that no one had intimidated or coerced him into entering into it.

Under the terms of the written settlement agreement, Neal agreed to withdraw, with prejudice, his appeal of the agency's disciplinary action and the agency agreed to change Neal's "discipline to a voluntary downgrade to a [part-time flexible motor vehicles services] driver." As this court has previously made clear, "[t]hose who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden" of proving that the agreement was involuntarily obtained. Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). Because all evidence in the record indicates that Neal knowingly and freely entered into the settlement agreement, the board properly dismissed his appeal as settled. See Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1355 (Fed. Cir. 2001) ("A bare allegation of coercion is not sufficient to set aside the parties' settlement agreement.").