NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3003

GARY P. EVANS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Elliot A. Strokoff, Strokoff & Cowden, P.C., of Harrisburg, Pennsylvania, for petitioner.

P. Davis Oliver, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3003

GARY P. EVANS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752070419-I-1.
_____

DECIDED:  May 5, 2010.
_____

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

Gary P. Evans appeals the final order of the Merit Systems Protection Board (the "Board") denying his petition for review of an initial decision dismissing his appeal as settled.[1]  See Evans v. U.S. Postal Serv., PH-0752-07-0419-I-1 (M.S.P.B. Aug. 5, 2009).  We affirm.

---

[1]  Mr. Evans filed a petition for review with the Board two years after the dismissal of his appeal.  Mr. Evans contends that he was unaware of the settlement agreement because he was incarcerated at the time of the initial decision.  But the decision contains a certificate of service that certifies that the decision was mailed to Mr. Evans at the prison.  However, despite finding that "a question exists regarding the timeliness of the appellant's petition for review of the initial decision," the Board dismissed on the basis that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." Because the Board did not address the issue of timeliness, we likewise do not rely on that ground for deciding this case.

The basis of Mr. Evan's petition for review is his contention that the settlement agreement is "100 percent fraud" and that his attorneys "were never authorized to settle" the case.

A settlement agreement is presumed valid absent a showing of fraud or mutual mistake. Asberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982); see Sargent v. Dep't of Health & Human Servs., 229 F.3d 1088, 1091 (Fed. Cir. 2000). Mere allegations of fraud, unsupported by corroborating evidence, are insufficient to satisfy the heavy burden that must be met in order to demonstrate that a settlement agreement is invalid. See Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1355 (Fed. Cir. 2001).

Aside from uncorroborated assertions, Mr. Evans proffers no persuasive evidence in support of his allegations of fraud. Mr. Evans was represented by counsel when he accepted the terms of the settlement agreement, the last page of the agreement contains his signature, and all prior pages of the agreement contain the handwritten initials of Mr. Evans's lawyer. Also, after reviewing the terms of the settlement agreement, the administrative judge found that it was "voluntarily entered into, understood by the parties, and lawful on its face." There is nothing in the record to indicate otherwise. Furthermore, Mr. Evans offers no evidence to substantiate the alleged lack of settlement authority of his attorney. See Amin v. Merit Sys. Prot. Bd., 951 F.2d 1247, 1254-55 (Fed. Cir. 1991) ("[A]n attorney retained for litigation purposes is presumed to possess express authority to enter into a settlement agreement on behalf of the client, and the client bears the burden of rebutting this presumption with affirmative proof that the attorney lacked settlement authority.").

As this court has previously made clear, "[t]hose who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden" of proving that the agreement was involuntarily obtained. Asberry, 692 F.2d at 1380. Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Because bare allegations of fraud, absent evidence thereof, do not suffice to demonstrate the invalidity of a settlement agreement, the Board's decision was not arbitrary, capricious, an abuse of discretion or, otherwise, not in accordance with law.

No Costs.