Merle S. SARGENT, Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 00–3180.

United States Court of Appeals, Federal Circuit.

Oct. 24, 2000

Merle S. Sargent, of Eagle Butte, South Dakota, pro se.

Richard G. Bergeron, Office of the General Counsel, Department of Health and Human Services, of Washington, DC, for respondent. Of counsel were Agnes M. Brown, Trial Attorney; David M. Cohen, Director; and James M. Kinsella, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before PLAGER, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Merle Sargent seeks review of the decision of the Merit Systems Protection Board dismissing his appeal on the basis of an oral settlement agreement with the Department of Health and Human Services (the Department). Petitioner claims that no settlement was actually reached, or alternatively, that the settlement was not voluntary. Because these issues concerning the settlement were not raised before the Board, we affirm the decision of the Merit Systems Protection Board.

## BACKGROUND

Petitioner was employed by the Department as a motor vehicle operator. In addition to transporting patients of the Indian Health Service Unit at which he was employed, Mr. Sargent's duties included various janitorial tasks. On December 16, 1998, Mr. Sargent presented a forged prescription to the pharmacy at the Public Health Service Hospital. When the pharmacist recognized the forgery, the pharmacist reported the incident to law enforcement authorities and to Mr. Sargent's superiors at the Indian Health Service Unit. On June 7, 1999, Mr. Sargent pled guilty to the charge of Attempt to Obtain a Controlled Substance by Misrepresentation in the U.S. District Court for the District of South Dakota.

In light of Mr. Sargent's criminal conviction, the Department proposed his removal. In response to the proposed removal, Mr. Sargent acknowledged his conduct, but asked for leniency based on his need to obtain pain medication for a work-related injury, his cooperation with law enforcement officials, and his record of service. On August 16, 1999, the Department removed Mr. Sargent effective August 20, 1999.

Mr. Sargent appealed his removal to the Board. On November 30, 1999, the administrative judge conducted a telephone settlement conference between the agency and Mr. Sargent, resulting in a November 30, 1999 initial decision of the administrative judge. In the initial decision, the administrative judge stated that during my November 30, 1999, telephone conference with the parties, they reached a settlement agreement resolving the appeal. The initial decision further states that:

> [b]ased on the parties' oral representations during our November 30 talk, I find that: 1) the parties understand and freely accept the terms of the agreement; ... and 3) the parties want the agreement entered into the record so that the Board will retain jurisdiction to enforce its terms. Further, I find that terms of the agreement are lawful.

The administrative judge then accept[ed] the agreement into the record.

The administrative judge attached a written copy of the terms of the settlement agreement to the initial decision. The attached settlement agreement recites that appellant voluntarily withdraws his appeal and agrees not to contest the now canceled removal-for-alleged misconduct action in any other administrative or judicial forum, and that the agency agrees to cancel the removal-for-alleged misconduct action, purge all documents related to it from the appellant's official personnel file ..., and substitute in its place a voluntary resignation. Moreover, according to the attached settlement agreement, the agency agreed to refer all employment-related inquiries to the Aberdeen Employment Relations Offices which will only disclose certain information. In addition, the attached settlement agreement states that the agency will appoint an individual to assist the appellant in filing a disability application with the Office of Personnel Management. The administrative judge also tape-recorded a portion of the telephone conference and attached the tape and a written transcript to the initial decision.

The initial decision of the administrative judge became the final decision of the Board on January 4, 2000, when Mr. Sargent failed to file a petition for review to the full Board. Mr. Sargent then petitioned for review to this court.

## DISCUSSION

■ We have jurisdiction over this petition for review pursuant to 28 U.S.C. § 1295(a)(9). Although this case was not appealed to the full Board, the initial decision of the administrative judge became the Board's final decision when the petitioner failed to file for review at the full board. 5 C.F.R. § 1201.113; 5 U.S.C. § 7703(a)(1); *see also James v. Fed. Energy Regulatory Comm'n*, 747 F.2d 1581, 1583 (Fed.Cir.1984).

■ Generally, this court may reverse a decision of the Board only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

■ In this petition for review, petitioner alleges that he never agreed to the terms of the November 30, 1999, settlement agreement. First, he asserts that he never signed an agreement. However, it is well-established than an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record. *See Goodwin v. Dep't of Treasury*, 983 F.2d 226, 228 (Fed.Cir.1992) (holding that oral agreement between employee and agency was binding); *see also Boucher v. Dep't of Treasury*, 68 M.S.P.R. 40, 43 (1995); *Westfall v. United States Postal Serv.*, 64 M.S.P.R. 90, 93 (1994). Our case is unlike *Mahboob v. Dep't of Navy*, 928 F.2d 1126, 1128–30 (Fed.Cir. 1991), where this Court found that an oral settlement was not binding until it was reduced to writing, because the parties in *Mahboob* clearly did not intend to be bound until a written contract was signed.

■ Petitioner also alleges that he was coerced and intimidated into orally agreeing to the settlement. He claims that the full transcript would support this allegation and that the transcript provided by the administrative judge is incomplete and only contains the final portion of the telephone conference.

■ Based on these allegations, petitioner asks us to overturn the settlement agreement accepted by the administrative judge's initial decision. It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. *Wade v. Dep't of Veteran Affairs*, 61 M.S.P.R. 580, 583 (1994). *See Harris v. Dep't of Veteran Affairs*, 142 F.3d 1463, 1468 (Fed.Cir.1998); *Franklin v. United States Postal Serv.*, 81 M.S.P.R. 294, 296 (1999). Normally, such issues have been resolved in the first instance by the Board, acting either through the administrative judge or by the Board upon petition for review by the party or reopening of the case on its own motion under 5 C.F.R. § 1201.118. *See, e.g., Harris*, 142 F.3d at 1468.

Here, however, petitioner did not raise this issue before the administrative judge and did not raise this issue in a petition for review at the full board. Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board. *Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed.Cir.1986); *Oshiver v. Office of Personnel Mgmt.*, 896 F.2d 540, 542 (Fed. Cir.1990); *see also Wallace v. Dep't of Air Force*, 879 F.2d 829, 832 (Fed.Cir.1989) (petitioner's failure to raise issue at Board precluded review by the Federal Circuit on appeal); *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 684 n. 1 (Fed.Cir.1985). We see no reason to apply a different rule merely because a settlement agreement is involved.

In addition to the allegations concerning the settlement agreement, petitioner makes numerous challenges to the substance and fairness of the removal action and the review by the administrative judge. In light of our disposition of this matter, we do not reach these additional arguments.

## CONCLUSION

Therefore, we affirm the final decision of the Board dismissing petitioner's appeal.

*AFFIRMED.*

Each party shall bear its own costs.