**Janet REESE, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3298.

United States Court of Appeals, Federal Circuit.

June 6, 2002.

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

## DECISION

PER CURIAM.

Petitioner Janet Reese seeks review of the May 7, 2001, order of the Merit Systems Protection Board, No. AT–0752–00–0130–I–2, upholding the decision of the Department of the Air Force to remove her from federal service. We *affirm.*

## BACKGROUND

On August 20, 1999, the Air Force notified Ms. Reese that it was proposing to remove her from her position as a technical order clerk at Eglin Air Force Base. The removal notice stated the following grounds: failure to obey proper orders, failure to perform assigned duties, unauthorized destruction of official documents, and absence without leave (AWOL). Ms. Reese failed to respond to the notice, and she was formally removed from service on September 20, 1999.

Ms. Reese appealed to the Merit Systems Protection Board. After a hearing, the administrative judge assigned to the case found that the agency had proved each of the four charges against Ms. Reese by a preponderance of the evidence and upheld the removal action. The full Board denied Ms. Reese's petition for review.

## DISCUSSION

Ms. Reese challenges the factual determinations made by the Board as to each of the four charges of alleged improper conduct.

The Board first found that Ms. Reese failed to follow an order not to enter the logistics area of the base. Ms. Reese had previously created disturbances in that area and therefore had been ordered not to enter the area unless she was on official business. On appeal, Ms. Reese does not dispute that she disobeyed an order not to enter the logistics area, but she contends that she did not cause a disturbance there and was there on official business. The record does not support those assertions. Agency documentation showed that Ms. Reese caused disturbances within the logistics area on a number of occasions when she was not conducting official business and that Ms. Reese had disobeyed an order from her immediate supervisor, MSgt. Crum, to leave the logistics area. Accordingly, the Board's finding that Ms. Reese failed to obey a proper order is supported by substantial evidence and must be sustained.

The Board next found that Ms. Reese had failed to perform her assigned duties because she failed to initial changes to technical orders, a procedure that was designed to encourage accountability in the event orders were not properly maintained. Ms. Reese admits that she reviewed the orders and that she did not initial the orders as required, but contends that she failed to do so because she was outraged at having been disciplined. Her explanation for her conduct does not negate the fact of the violation, for which there was substantial evidence. The Board's finding is therefore sustained.

The Board further found that Ms. Reese destroyed government documents without authorization. MSgt. Crum testified that under agency policy the title pages of technical orders are not to be photocopied. He further testified that on August 4, 1999, he observed Ms. Reese attempting to photocopy a title page and that before he could prevent her from photocopying the document, she shredded the documents she had been copying. MSgt. Crum verified that the two title pages were missing from the technical orders that Ms. Reese had been working on that day. Furthermore, a brief review of the orders for which Ms. Reese was responsible indicated that approximately 75 orders had inappropriately altered title pages. According to the Board, Ms. Reese did not deny those allegations, but simply stated that she had acted as she had because she was upset about being disciplined. On appeal, Ms. Reese contends that she denied the destruction charge and that when MSgt. Crum approached her, she was copying a title page from another technical order, as was required by agency policy.

MSgt. Crum's testimony constitutes substantial evidence supporting a finding that Ms. Reese destroyed documents without authorization. The credibility determination made by the administrative judge in accepting MSgt. Crum's testimony is "virtually unreviewable." *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir. 1986). Accordingly, we sustain the Board's finding on the destruction charge.

Finally, the Board found that Ms. Reese was AWOL for 5.9 hours in August 1999, both for being late in returning from lunch and for leaving early without permission. Ms. Reese contends that she should have been charged annual leave for those absences instead of being treated as AWOL. She also contends that the AWOL charge was based on timecards that had been falsified.

Substantial evidence supports the Board's finding. To prove the AWOL charge, the Board was required to show that Ms. Reese was absent and that her absence was not authorized or that her request for leave was properly denied. *Jackson v. Dep't of the Navy*, 52 M.S.P.R.

1, 3 (1991). Ms. Reese does not deny that she was not at her workplace during the periods she was charged with being AWOL. Furthermore, she does not argue that she requested leave for those time periods. Accordingly, there was sufficient evidence before the Board to sustain the AWOL charge. Ms. Reese does not appear to have raised the claim of falsified time cards before the Board, and she does not offer anything on appeal to cast doubt on the Board's finding on this subject.

Ms. Reese next argues that the penalty of removal was unreasonable. The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the severity of the agency's action seems totally unwarranted in light of all the factors. *Lachance v. Devall*, 178 F.3d 1246, 1251 (Fed. Cir.1999).

We discern no abuse of discretion here. The evidence indicates that Ms. Reese's commanding officer carefully considered the *"Douglas* factors," *see Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981), in proposing to remove her. Furthermore, the administrative judge noted that although several of the charges against her seem minor on their face, the potential consequences of her actions were actually quite serious. Technical orders are essential to the mechanics who perform aircraft maintenance and repair. Accordingly, the orders must be as accurate as possible. Ms. Reese's destruction and alteration of technical orders constituted a significant safety threat. We therefore find that given this potential impact, as well as other relevant factors, including the apparent lack of mitigating factors, the agency did not abuse its discretion in removing Ms. Reese.

Ms. Reese next raises several affirmative defenses. She first claims that she was removed in retaliation for filing a un-ion grievance, in violation of 5 U.S.C. § 2302(b)(9). Ms. Reese did not raise that defense before the administrative judge or the full Board, however, and it is therefore not properly before us. *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed.Cir.2000).

Ms. Reese next claims that she was removed in retaliation for whistleblowing. To establish an affirmative defense under the Whistleblower Protection Act, however, an employee must have made a protected disclosure under 5 U.S.C. § 2302(b)(8), and before the administrative judge Ms. Reese pointed to no such disclosure. Accordingly, the Board was correct in finding that Ms. Reese had failed to establish this defense.

Finally, Ms. Reese argues that the officer who signed her removal order, Colonel Burns, lacked the authority to do so. Ms. Reese thus claims that the Board committed a harmful procedural error in upholding her removal. We disagree. Colonel Burns testified before the administrative judge that he was Ms. Reese's commanding officer, and Ms. Reese offered no evidence in rebuttal. Accordingly, the Board properly rejected that affirmative defense.