Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED: *AFFIRMED*. *See* Fed. Cir. R. 36

**DEERE & COMPANY, Plaintiff–Appellant,**

v.

**KUBOTA CORPORATION and Kubota Tractor Corporation, Defendants–Cross Appellants.**

No. 02–1607, 02–1625.

United States Court of Appeals, Federal Circuit.

July 17, 2003.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED: *AFFIRMED*. *See* Fed. Cir. R. 36

**Helen SMITH, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 03–3061.

United States Court of Appeals, Federal Circuit.

July 17, 2003.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

NEWMAN, Circuit Judge.

Helen Smith petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA0752020022–I–2, dismissing her appeal as settled. We *affirm* the decision of the Board.

### BACKGROUND

Ms. Smith was an employee of the Department of Transportation when she was reduced in pay and grade from the position of Wood Worker Supervisor to Property Disposal Specialist, effective November 7, 1999. When the agency rejected her claim that the demotion was the result of discrimination and retaliation for past EEO complaints, she appealed to the Board. While her appeal to the Board was pending, Ms. Smith entered a settlement agreement in which the agency agreed to rescind the demotion, provide back pay, expunge her personnel record, place her in paid leave for the next five months and then, following receipt of her medical records, terminate her for medical reasons and not for cause. Ms. Smith and her attorney each signed the settlement agreement.

The Administrative Judge concluded that the settlement agreement was legal on its face, was freely entered by the parties and that they understood its terms. The AJ then approved the settlement agreement and dismissed Ms. Smith's appeal in an Initial Decision dated April 25, 2002.

On May 30, 2002, Ms. Smith petitioned the full Board for review of the Initial Decision, requesting it be set aside. When the Board denied the petition, this appeal followed.

## DISCUSSION

When an appellant enters a settlement agreement, she consents to a final and binding resolution of the dispute before the Board. In order to have a settlement agreement set aside, an appellant must prove that the agreement was "unlawful, was involuntary, or was the result of fraud or mutual mistake." *See Sargent v. Department of Health & Human Services,* 229 F.3d 1088, 1091 (Fed.Cir.2000). Ms. Smith has not demonstrated that the agreement she entered falls within any of these narrow exceptions to the rule that settlement agreements are final.

Ms. Smith argues that the settlement agreement should be set aside due to fraud and mutual mistake. She argues that she never requested termination for medical reasons, that the agreement was arrived at between her attorney and the agency, and that she did not have enough time to research and decide what was best for her. None of these reasons constitutes either fraud or mutual mistake.

Ms. Smith has not identified any misrepresentation made to her by the agency. There is no evidence that the agency lied to her, or withheld important facts, or in any way deceived her into signing the agreement. Nor is there evidence of a mutual mistake—a mistake made by both sides about an important fact which, if correctly understood, might have led to a different result. The fact that Ms. Smith now believes she made an error of judgment in entering the settlement agreement is not such a mutual mistake.

The Board did not err in dismissing Ms. Smith's appeal as settled.

No costs.