NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3189

MARY B. COLEMAN,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED:  November 14, 2006

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

NEWMAN, Circuit Judge.

Mary B. Coleman petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752050510-I-1, dismissing her appeal as settled.  We affirm the decision of the Board.

BACKGROUND

Ms. Coleman was removed from her position as a Program Analyst in the Office of Procurement and Property Management of the Department of Agriculture after her position was reclassified as a "public trust, high risk" position which required a background investigation. In order to facilitate the investigation, Ms. Coleman was requested, and then instructed, to complete preparatory paperwork, including a questionnaire for public trust positions (form SF-85P). Ms. Coleman failed to meet several deadlines for the submission of this paperwork. She was eventually denied access to the computer systems containing sensitive information. After she accessed the system using another employee's password, Ms. Coleman was removed from her position.

Ms. Coleman appealed to the Board. During the pendency of the appeal, Ms. Coleman entered into a settlement agreement with the Agency, which was submitted to the administrative judge hearing the appeal. The AJ reviewed the agreement, found that it was valid and enforceable, entered it into the record, and dismissed the appeal as settled. Ms. Coleman then filed a request for review by the full Board, requesting that the agreement be rescinded. That request was denied and this appeal followed.

DISCUSSION

A settlement agreement between an agency and an appellant before the Board is a final and binding resolution of the appeal. See 5 C.F.R. §1201.41(c)(2) ("Agreement"). If the parties agree to settle their dispute, the settlement agreement is the final and binding resolution of the appeal, and the judge will dismiss the appeal with prejudice."). A settlement agreement can be set aside only if the petitioner shows that it was unlawful, involuntary, or the result of fraud or mutual mistake. See Sargent v. Dept. of Health and

<u>Human Services</u>, 229 F.3d 1088, 1091 (Fed. Cir. 2000) ("It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake.").

In its Initial Decision, the Board found the settlement agreement was lawful on its face and freely entered into, and that the parties understood the terms of the agreement. Ms. Coleman, who was represented before the Board, has not shown that this determination was incorrect. In her petition for review by the full Board, Ms. Coleman alleged only that the agreement should be rescinded "for terms and conditions not clearly spell[ed] out." She has not elaborated upon which terms she considers unclear, and our examination of the document reveals no ambiguities or other aspects that call for recission. Ms. Coleman does not allege fraud, mistake, or coercion.

We agree that the settlement agreement is valid and enforceable. Consequently, the decision of the Board is affirmed.

2006-3189                                              3