NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3058

RICHARD J. PALCZYNSKI,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Richard J. Palczynski, of Chicago, Illinois, pro se.

Corinne A. Niosi, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3058

RICHARD J. PALCZYNSKI,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Petition for review of the Merit Systems Protection Board in case no. CH0752090501-I-1.

_____

DECIDED: May 10, 2010

_____

Before LOURIE, LINN, and DYK, Circuit Judges.

PER CURIAM.

Richard Palczynski appeals a final decision of the Merit Systems Protection Board ("Board") that affirmed the dismissal of his case due to a settlement agreement that he entered into with the Department of Energy ("DOE"). Palczynski v. Dep't of Energy, No. CH-0752-09-0501-I-1 (M.S.P.B. Oct. 16, 2009). Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

Palczynski worked as an Information Technology Specialist at the DOE's Office of Science in Argonne, Illinois. On February 23, 2009, the DOE sent him a Notice of

Proposed Removal.[1]  After the DOE removed him from his position on March 26, 2009, Palczynski appealed to the Board.  During the appeal, Palczynski sent the DOE a discovery request for documents related to "Investigation number 2007-IC-CHOO-01625."  The DOE refused in writing, stating that Palczynski did not justify his request and that the investigation was "not reasonably calculated to lead to the discovery of admissible information."  Palczynski did not raise this request again to the DOE or the Board.

On June 18, 2009, after "more than five hours" of negotiations at a Board hearing, the parties entered an oral settlement on the record.  Among other things, Palczynski agreed to withdraw his appeal and refrain from "any further litigation in any other forum . . . regarding his employment with [DOE]."  The presiding administrative judge read the terms into the record and obtained consent from Palczynski, his attorney, and the DOE and its counsel.  The judge also allowed the parties to submit a substitute written agreement by July 6, 2009, or else "the oral agreement will become the final, binding agreement."  The parties submitted no written alternative, and the Board ruled in its initial decision of July 30, 2009 that "the agreement is a full and complete settlement of all issues in the appeal," and dismissed the case.

Palczynski then petitioned for review, claiming that on July 6, 2009 (the day the settlement became final), he had filed a Freedom of Information Act request for documents relating to the investigation that the DOE refused to produce, and that the file would vindicate him.  In its response, the DOE noted that it previously misstated the

---

[1]     In the parties' settlement, the DOE agreed to "remove all documents related to the removal decision . . . from all publicly available files."  To preserve the spirit of the settlement, we do not refer to the basis for the charges.

investigation's file number, which was actually "2008-IC-CHOO-2290," but refused to produce the requested documents, stating that the file was "classified." The Board denied the petition. Palczynski timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

We affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board may grant a petition to review its initial decision if it finds that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d).

"[I]t is well-established that an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record," and that "an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." Sargent v. Dep't of Health and Human Servs., 229 F.3d 1088, 1090-91 (Fed. Cir. 2000). Palczynski challenges the Board's approval of his settlement on the grounds that the DOE investigation file is new and material evidence, and that faulty procedures excluded it from the record. The DOE claims that it did not rely on the investigation because it issued its Notice of Proposed Removal before the investigation was reported. Even if this is true, the file could contain relevant information about Palczynski's activities. However, Palczynski failed to pursue the investigation when he had opportunities to do so before settling. He did not respond to the DOE's refusal to produce the file, nor ask the Board to compel discovery. Despite his awareness of the investigation, Palczynski and his attorney voluntarily settled his

appeal. Moreover, the sole evidence that Palczynski claims to be "new and material" is not substantive information in or about the investigation—only its identification number. While the DOE admits that it provided the wrong number, this does not change the fact that Palczynski knew that the investigation file existed and failed to pursue it when he had the opportunity. Thus, Palczynski has not shown any basis to overturn the Board's decision, and the Board did not clearly err by denying Palczynski's petition for review.

Palczynski also argues that his removal was improper because his position had no relation to "national security." He does not explain, however, why this was a prerequisite to removal, or why it should negate his settlement agreement. Palczynski also requests "review and determination of a lesser penalty." Under the settlement terms, Palczynski's personnel record reflects a resignation, not removal. Therefore, there is no "penalty" to review.

For the foregoing reasons, the Board's decision is <u>affirmed</u>.

COSTS

No costs.