NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EVELYNN BROWN REMPLE,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2010-3067

---

Petition for review of the Merit Systems Protection Board in consolidated Cases Nos. SF1221080562-W-2 and SF0752090148-I-1.

---

Decided: August 6, 2010

---

EVELYNN BROWN REMPLE, of Capitola, California, pro se.

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant

Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel was LISA M. FLYNN, Assistant Regional Counsel, Office of the General Counsel, Untied States Department of Health and Human Services, of Seattle, Washington.

––––––––––––––––

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

PER CURIAM.

Petitioner Evelynn Brown Remple ("Brown Remple") appeals from the final order of the Merit Systems Protection Board ("the Board") dismissing her claims as settled by an agreement between the parties. We *affirm*.

## BACKGROUND

Brown Remple was employed as a Program Specialist with the Department of Health and Human Services ("HHS" or "the Agency"). On June 30, 2008, she filed an Individual Right of Action ("IRA") appeal at the Board's Western Regional Office alleging retaliation for whistle-blowing. Her appeal was voluntarily dismissed without prejudice on September 30, 2008, and she refiled on December 1, 2008.

On September 15, 2008, HHS proposed Brown Remple's removal from her position with the Agency based on multiple charges of misconduct. On December 4, 2008, the charges were sustained, and Brown Remple was removed, effective December 5, 2008. On December 9, 2008, she filed a second appeal at the Board's Western Regional Office challenging her removal from federal service.

On May 11, 2009, the parties entered into a settlement agreement. Pursuant to the agreement, Brown Remple agreed to withdraw her Board appeals as well as two pending equal employment opportunity ("EEO") complaints and "that any potential complaint, grievance, appeal, or any other matter stemming from her employment with the Agency and arising prior to the effective date of this agreement shall be covered and resolved under the terms of this agreement." R.A. 36-37 ¶¶ 1-3. Brown Remple also agreed "to transfer to another federal position or resign from the Agency by July 5, 2009." *Id.* 37 ¶ 3. In return, the Agency agreed to expunge all negative information from her personnel folder, including all information related to her removal and proposed removal, *id.* 39 ¶ 7; to reinstate Brown Remple to her previous position, placing her on administrative leave between December 5, 2008 and June 5, 2009, and on leave without pay between June 6, 2009 and July 5, 2009, *id.* 40 ¶ 8; and to amend her employment records to reflect a transfer or resignation from HHS as of July 5, 2009, or earlier if she accepts a new position, *id.* 43 ¶ 10.

The agreement further provides that "[b]oth parties have entered into this agreement voluntarily and with complete and thorough understanding of its terms, meaning, and effect. Each . . . is signing the agreement voluntarily and freely, without coercion, having had the opportunity to read and raise questions about its meaning prior to signing." *Id.* 47 ¶ 24. The agreement gave Brown Remple seven days from the effective date, May 12, 2009, when the agreement was fully signed, in which to revoke the agreement. *Id.* 46 ¶ 21. Michelle Spencer, Esq. represented Brown Remple for purposes of the settlement. Upon execution and pursuant to its terms, *id.* 36 ¶ 1, the Agency's counsel forwarded the agreement to the Board

for entry into the record. The AJ placed the settlement on the record on May 13, 2009.

On May 19, 2009, in light of the settlement agreement, the AJ issued initial decisions ("IDs") dismissing both of Brown Remple's Board appeals. The AJ found the settlement agreement to be lawful, freely reached, and the terms understood by the parties. Brown Remple filed an initial petition for review ("PFR") with the Board on June 23, 2009; a timely supplemental PFR on July 22, 2009; and an untimely second supplemental PFR on August 12, 2009. She alleged that the settlement was unlawful, against public policy, and based upon fraud or mutual mistake, and that it had been breached by the Agency. She sought rescission of the settlement, reinstatement of her Board appeals, cancellation of her resignation, and reinstatement of her federal service.

In a final decision dated November 3, 2009, the Board denied Brown Remple's PFR, concluding that she had failed to present any new, previously unavailable, evidence and that the AJ had not made an error of law or regulation. The Board also rejected petitioner's supplemental PFR filed August 12, 2009, finding that Brown Remple had not shown good cause why she could not have obtained any newly presented evidence through the exercise of due diligence before the filing deadline. Finally, the Board remanded Brown Remple's allegations of breach of the agreement to the AJ for docketing as a petition for enforcement.

Brown Remple appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

### DISCUSSION

We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  "[I]n order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake."  *Sargent v. Dep't. of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000).

Brown Remple makes two arguments on appeal related to the settlement agreement.  She first argues that the AJ unlawfully denied her the right to revoke the settlement and revealed a deep-seated favoritism toward the Agency by (1) prematurely entering the settlement agreement into the record on May 13, 2009; (2) issuing IDs dismissing her appeals before the end of the day on May 19, 2009; (3) serving the Agency but not her counsel with the IDs; and (4) badgering her and her counsel at a conference call on May 20, 2009.  Brown Remple next argues that the agreement forcing her to resign by July 5, 2009, was tainted with fraud because the Agency never removed her December 2008, as evidenced by the Agency's failure to provide her with a separation package until after July 5, 2009.  Finally, Brown Remple argues that the Board erred in not finding good cause to consider the new evidence in her second supplementary PFR as that evidence proved that she was not separated in December 2008 because she did not receive a separation package, and thus proved the fraud of her forced resignation.

The government responds that Brown Remple was in fact removed from federal service on December 5, 2008, as evidenced by the removal letter of December 4, 2008, and her appeal from the removal filed at the Board on December 9, 2008. Rather, the government argues, the settlement reinstated Brown Remple subject to her transfer or resignation by July 5, 2009, which explains why she did not receive a separation package until after the July resignation went into effect. The government next argues that the AJ properly entered the settlement into the record without affecting Brown Remple's revocation right, which if exercised would have resulted in the agreement being removed from the record. Finally, with regard to Brown Remple's late-filed supplemental PFR, the government asserts that the Board's decision not to waive the time limits was within its sound discretion and was not arbitrary, capricious, or contrary to law. Thus, according to the government, the evidence supports the Board's finding that Brown Remple entered into the settlement freely and understood the terms.

We agree with the government and affirm the dismissal of Brown Remple's claims in light of the settlement agreement. Brown Remple has failed to produce any evidence, including in her second supplementary PFR, to support her allegation that the Agency fraudulently procured the settlement by misrepresenting that she had been removed from her federal position in December 2008 when she had not. The record conclusively demonstrates that she had in fact been removed effective December 5, 2008: the Agency notified Brown Remple of her removal by letter dated December 4, 2008, and Brown Remple responded by filing an appeal at the Board challenging her removal on December 9, 2008. That the Agency did not provide her with a separation package until after July 5, 2009, the date the settlement agreement set for the end

of her temporary reinstatement, fails to establish that HHS had not removed her from federal service in December 2008. As such, Brown Remple has failed to show any misrepresentations made or fraud committed by the Agency in association with the settlement.

Furthermore, we see no reversible error or bias in the AJ's actions. The AJ entered the settlement agreement into the record on May 13, 2009, according to the agreement's terms, and issued IDs on May 19, 2009, the last day Brown Remple could exercise her right to revoke the agreement. Brown Remple alleges these actions denied her her right to revoke, yet she never asserts that she tried to revoke the agreement and was precluded from doing so because of the AJ's actions. She does claim that she called the AJ on May 18, 2009, and spoke with the AJ's assistant, but again she does not assert that she called to revoke the settlement. The record is devoid of any evidence that she attempted to contact HHS or its counsel, or expressed a desire to exercise her right to revoke to anyone prior to the conference call on May 20, 2009. Accordingly, we do not find that the AJ denied Brown Remple her revocation rights under the agreement.

We have considered Brown Remple's other arguments and consider them unpersuasive. Accordingly, we *affirm* the Board's final order dismissing her appeals.

COSTS

No costs.