NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANA REDETTE REDFIELD,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3008

---

Petition for review of the Merit Systems Protection Board in AT0845100771-I-1.

---

Decided: March 14, 2011

---

DANA REDETTE REDFIELD, of Hixson, Tennessee, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel was WADE M.

PLUNKETT, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

_____

Before BRYSON, SCHALL, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Dana Redette Redfield appeals a decision of the Merit Systems Protection Board dismissing her appeal because she voluntarily entered into a settlement agreement with the Office of Personnel Management ("OPM"). We affirm.

## BACKGROUND

Ms. Redfield worked for the United States Postal Service until March 2007 when she was separated from federal service. After her separation, she began receiving retirement annuity benefits. The retirement benefits were initially set at 60 percent of her "high-three" average salary, i.e., her average salary during the three years in which her annual salary was the highest. In May 2007, she became eligible for disability insurance benefits from the Social Security Administration. At that time, her retirement benefits should have been reduced to approximately 22 percent of her salary when she became eligible for disability benefits. OPM, however, did not adjust her retirement benefits until July 2009. OPM subsequently determined that Ms. Redfield had been overpaid in the amount of approximately $33,000 and would be required to refund the overpayment.

In September 2009, Ms. Redfield requested that the OPM reconsider its decision. After reconsideration, OPM determined that its previous calculation was erroneous,

and it corrected the amount of the overpayment to approximately $25,000. OPM ruled that Ms. Redfield could repay that amount by submitting a lump sum payment or by having her retirement benefits reduced by approximately $280 per month for 89 months.

Ms. Redfield appealed OPM's decision to the Board. She contended that she was not at fault for the overpayment, that requiring her to refund the overpayments would be against equity because it would cause her financial hardship, and that she had relied upon the overpayments to her detriment. Before the Board issued a decision in her appeal, however, Ms. Redfield and OPM informed the administrative judge that they had entered into a settlement agreement. The terms of the agreement were read into the record of the Board proceedings. Ms. Redfield agreed to "withdraw her appeal" of the Board's reconsideration decision and to "resolve this matter without further administrative appeal or litigation." She agreed to repay approximately $25,000 by having her retirement benefits reduced by $50 per month for 495 months and by $21 for one month. Ms. Redfield orally agreed to all of the settlement terms. She also represented to the administrative judge that she understood the agreement, that she was entering into the agreement voluntarily, and that she was requesting that her appeal be withdrawn in light of the agreement.

The administrative judge issued a decision dismissing the appeal on the basis of the settlement agreement. After that decision became final, Ms. Redfield petitioned for review by this court.

DISCUSSION

Ms. Redfield appeals the dismissal of her case on substantive grounds without alleging any defect in the settlement agreement. The settlement agreement, however, bars her from obtaining relief unless the settlement agreement can be set aside. A settlement agreement can be set aside only if "the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000). Ms. Redfield does not make any showing that the agreement was flawed in any of those respects. Instead, she contends that she should be granted relief from the repayment obligation that she agreed to in the settlement agreement because her income is low and her expenses are high. Those contentions, however, do not provide a basis for finding the settlement agreement unlawful and releasing her from the terms of the agreement to which she consented. She also contends that she did not know the Social Security Administration would award her disability benefits. That contention similarly fails to provide any reason to question the validity of the settlement agreement. Appellants who challenge the validity of a settlement agreement bear a "heavy burden" in establishing that the settlement was improper. *Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1355 (Fed. Cir. 2001). Because Ms. Redfield has not shown any reason to set aside the settlement agreement, we affirm the administrative judge's dismissal of her appeal.

No costs.

**AFFIRMED**