NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMMETT W. MCNEEL,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3019

---

Appeal from the Merit Systems Protection Board in No. DE0831090175-X-1.

---

Decided: April 3, 2013

---

EMMETT W. MCNEEL, of Portland, Texas, pro se.

KENNETH S. KESSLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before NEWMAN, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Emmett W. McNeel seeks review of a final decision of the Merit Systems Protection Board ("Board"). We affirm.

## BACKGROUND

Mr. McNeel was a former employee with the Department of the Navy. He began receiving disability retirement annuity payments on December 9, 1993. These benefits were discontinued effective March 1, 1997, however, pursuant to 5 U.S.C. § 8337(d), based on information from a medical doctor finding that Mr. McNeel had recovered from his disabling medical condition.

Between 1999 and 2000, Mr. McNeel twice requested, albeit unsuccessfully, that the Office of Personnel Management ("OPM" or "agency") reinstate his disability retirement annuity. Mr. McNeel's third request in 2003 proved successful. After some back-and-forth with the agency and four appeals to the Board, on May 5, 2011, OPM was ordered to retroactively reinstate Mr. McNeel's disability annuity effective November 19, 1999, the date of his first request. In addition, the administrative judge ordered OPM to calculate and pay to Mr. McNeel all appropriate adjustments to his annuity payments which result from the retroactive reinstatement, and to inform Mr. McNeel in writing once it has complied with the terms of the order. The administrative judge's decision became the final decision of the Board on June 9, 2011, when neither party filed a petition for review.

On August 17, 2011, when Mr. McNeel had neither heard nor received payments from the agency, he petitioned the Board for enforcement of its order. On October 13, 2011, the administrative judge issued a recommendation finding the agency not to be in compliance with the Board's order. The agency responded on November 10, 2011, though its submission was later found to be defi-

cient. Subsequently, the Board ordered the agency to provide additional explanation and evidence of its compliance with the May 5, 2011 order.

On April 19, 2012, the agency submitted to the Board a full explanation, complete with supporting documentation, providing a history of the annuity payments owed for various periods, the formulas used to calculate them, the deductions and adjustments taken, and the dates of payment to Mr. McNeel. The agency requested that the petition for enforcement be dismissed.

On September 4, 2012, the Board reviewed the agency's submissions and found the agency to be in compliance with the May 5, 2011 order. The Board found that the agency had correctly identified and calculated the periods of underpayment, the amounts of annuities owed, the deductions of federal taxes and life insurance premiums taken, and the total gross amount that was paid to Mr. McNeel. The Board also noted that Mr. McNeel had acknowledged receipt of the payment.

In addition, the Board addressed two arguments Mr. McNeel had made on reply. First, Mr. McNeel objected to the sufficiency of the agency's documentation because it remains unclear to him how the total gross amount owed was calculated. The Board responded that OPM had adequately presented its calculations and provided office records compiled in the ordinary course of business, which are entitled to substantial weight. Accordingly, it was Mr. McNeel's burden to rebut the "relevant, material, and credible evidence" with specific, nonconclusory, and supported allegations to the contrary—which he failed to do.

Second, Mr. McNeel sought "recourse" for the various losses he suffered as a result of OPM's delayed payment of benefits. The Board declined, stating that it was without authority to award damages for deficient payment of disability retirement benefits.

Mr. McNeel timely appealed the Board's decision to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Tunik v. Merit Sys. Prot. Bd.,* 407 F.3d 1326, 1330 (Fed. Cir. 2005).

We note at the outset that the only issue properly before the Board was whether OPM complied with the May 5, 2011 order by actually paying and correctly calculating the total amount of retroactive disability annuity owed to Mr. McNeel. On this issue, we agree with the Board's decision that based on all of the materials and business records submitted by OPM, OPM has adequately supported its calculations and paid Mr. McNeel the amount he was due.

With respect to Mr. McNeel's request on appeal and to the Board that he be provided a detailed explanation of how his annuity payments were calculated, we note and agree with the Board that it is Mr. McNeel's burden to rebut the evidence supplied by OPM if he is unsatisfied with OPM's calculations. In addition, the Civil Service Retirement statutes are detailed and specific regarding eligibility for benefits, the conditions under which benefits may be received, and how those benefits may be calculated. *See* 5 U.S.C. §§ 8331, 8337, 8339. OPM's April 19, 2012 submission contained exactly that information, and the Board found that OPM's calculations were well-supported. Absent any evidence or argument by Mr. McNeel, we decline to disturb that finding.

As to Mr. McNeel's contention that he be entitled to all back pay and Cost of Living Allowances owed between 1999 and 2003, his claims are barred by the doctrines of res judicata and collateral estoppel because they have been litigated before. *See McNeel v. Office of Pers. Mgmt.*, No. DE08321080137-I-1, 2008 M.S.P.B. LEXIS 367 (Jan. 22, 2008). Mr. McNeel is thus precluded from re-litigating these and similar claims for the reasons stated in *McNeel v. Office of Personnel Management*, No. DE0831090175-I-1, 113 M.S.P.R. 356 (Mar. 2, 2010).

Finally, this court lacks jurisdiction over the rest of Mr. McNeel claims on appeal. Specifically, Mr. McNeel contends that OPM never contacted him to negotiate the settlement with respect to his retroactive annuity payments. Mr. McNeel also alleged error in his service computation date, service separation date, and base and average pay, which error resulted in an incorrect annuity computation. However, because Mr. McNeel has not raised these issues with OPM or the Board for a final determination, they are not properly before this court. *Sargent v. Dep't of Health & Human Serv.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000).

Mr. McNeel also challenges that he is entitled to greater coverage and benefits under the Federal Employees Group Life Insurance ("FEGLI") and the Federal Employees Health Benefits ("FEHB") programs. Jurisdiction over disputes concerning FEGLI and FEHB are governed by statute. *Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1378 (Fed. Cir. 2006) (holding that pursuant to 5 U.S.C. § 8715, the district courts and the U.S. Court of Federal Claims have jurisdiction over FEGLI disputes); 5 U.S.C. § 8912 ("[D]istrict courts[,] concurrent with the United States [Court of Federal] Claims . . . have original jurisdiction" over FEHB claims). As such, we are without jurisdiction to consider Mr. McNeel's FEGLI and FEHB claims.

## AFFIRMED

### COSTS

Each party shall bear its own costs.