NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER R. CHIN-YOUNG,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2023-1588

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-11-0394-I-1.

---

Decided: November 9, 2023

---

CHRISTOPHER CHIN-YOUNG, Tallahassee, FL, pro se.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY; PATRICK L. GARY, Civilian Personnel Litigation Branch, Litigation Division, United States Army Legal Services Agency, Fort Belvoir, VA.

---

Before DYK, SCHALL, and STARK, *Circuit Judges*.

PER CURIAM.

Christopher Chin-Young (petitioner), appearing pro se, petitions for review of the Merit Systems Protection Board's (MSPB or Board) final decision dismissing the case as settled. We *affirm*.

## BACKGROUND

On January 18, 2011, the Department of the Army removed petitioner from his position with the U.S. Army Contracting Command (ACC) as a Supervisory Program Analyst. Petitioner appealed through his then-counsel, Robert Waldeck, to the MSPB.[1] Shortly thereafter, Mr. Waldeck withdrew as petitioner's counsel, and petitioner informed the counsel for the Army that he retained new counsel. The new counsel was identified to be James Shoemaker. Mr. Shoemaker submitted a Designation of Representative form, which was not signed by petitioner, indicating that he was representing petitioner.

Mr. Shoemaker appeared before the Board and arranged a settlement agreement to resolve petitioner's claims. The settlement agreement was signed by Mr. Shoemaker and petitioner. A Board administrative judge approved the settlement and dismissed the appeal on May 19, 2011.

On September 6, 2011, petitioner filed a petition to enforce the settlement agreement with the Board, asserting that the Army failed to comply with the terms of the settlement agreement by failing to rescind or expunge certain entries from petitioner's record and providing improper

---

[1] Petitioner contends this is not correct and that Mr. Waldeck was retained only for a different case. Whether Robert Waldeck was retained or not makes no difference to the outcome of this case.

references to managers in other federal agencies, preventing petitioner from being hired. On November 29, 2011, Mr. Shoemaker filed a modified settlement agreement, signed by petitioner, Mr. Shoemaker, and representatives for the Department of the Army, with the administrative judge. S.A. 127–129. On November 30, 2011, the administrative judge dismissed the petition as settled. S.A. 130–34. On February 7, 2012, Mr. Shoemaker withdrew as petitioner's counsel. S.A. 136–39.

On August 31, 2017, petitioner, pro se, filed a petition for review of the administrative judge's May 19, 2011, decision that dismissed the case as settled. Petitioner alleged newly discovered evidence in the form of an affidavit from Mr. Shoemaker, which stated that Mr. Shoemaker was not designated as petitioner's representative in the case. Petitioner referred to the designation of representative form submitted to the MSPB in March of 2011, which lacked petitioner's signature. Because the designation of representative form was not signed by petitioner, petitioner contended that Mr. Shoemaker was not petitioner's designated representative and was not authorized to enter into the settlement agreement nor the modified settlement agreement. Petitioner argues that Mr. Shoemaker "was without any authority to access the record, submit various documents, and negotiate a settlement at [petitioner's] expense." S.A. 252.

The Board denied petitioner's petition for review and affirmed the initial decision. S.A. 2. While the Board acknowledged that petitioner never signed the designation of representative form, the Board found Mr. Shoemaker's actions "bore the indicia of authority" because petitioner failed to indicate otherwise and Mr. Shoemaker engaged in activities such as "discovery, fil[ing] prehearing submissions, participat[ing] in a prehearing conference, enter[ing] into stipulations, participat[ing] in settlement negotiations, and sign[ing] the settlement on [petitioner's] behalf." S.A. 2–3. The Board further determined that even if Mr.

Shoemaker lacked settlement authority, the settlement agreement was still valid because petitioner signed it himself. S.A. 3.

Petitioner petitions for review of the Board's decision. We have jurisdiction under 5 U.S.C. § 7703.

## DISCUSSION

### I

Petitioner argues that Mr. Shoemaker did not have authority to enter into the settlement agreement under 5 C.F.R. § 1201.31(a). We disagree.

We do not find any procedural defect under section 1201.31(a). That section provides "[a] party to an appeal may be represented in any matter related to the appeal. Parties may designate a representative, revoke such a designation, and change such a designation in a signed submission, submitted as a pleading." 5 C.F.R. § 1201.31(a). Petitioner contends that this regulation requires a signed submission in order for a designation to take effect. The Department of the Army contends that the regulation does not require a signed submission because it uses the word "may" instead of "shall."

We agree with the Board that petitioner's failure to sign the designation of representative form does not invalidate the settlement agreement or the modified settlement agreement. Mr. Shoemaker acted with apparent authority as petitioner's representative, and petitioner previously admitted that he hired Mr. Shoemaker. S.A. 241 (noting he retained Mr. Shoemaker's firm). Even if Mr. Shoemaker lacked the authority to execute the settlement agreement and the modified settlement agreement, the petitioner also signed those documents.

The Board did not err in concluding that the settlement agreements were not rendered ineffective because petitioner did not sign the designation of representative form.

## II

Petitioner also challenges the validity of the settlement agreements because the Board's and Army's actions "were not in good faith for settlement and not freely entered," and the administrative judge allegedly pressured the petitioner and Mr. Shoemaker to sign the agreement. Petitioner's Br. 12.

Petitioner has challenged the enforceability of the settlement agreement and modified settlement agreement on similar grounds in other proceedings before the Board and in federal district courts. *See e.g.*, *Chin-Young v. Dep't of Army*, No. DC-0752-11-0394-C-1, 2013 WL 9658987, at *3–5 (M.S.P.B. Nov. 14, 2013); *Chin-Young v. McHugh*, No. RWT 13-CV-3772, 2015 WL 1522880, at *1 (D. Md. Apr. 2, 2015), *aff'd sub nom. Chin-Young v. Rowell*, 623 F. App'x 121 (4th Cir. 2015); *Chin-Young v. United States*, No. 1:16-CV-1454, 2017 WL 2960532, at *2 (E.D. Va. July 11, 2017), *aff'd in part, rev'd in part and remanded*, 774 F. App'x 106 (4th Cir. 2019).  However, there is no indication that petitioner has adequately raised these allegations of coercion, bad faith, and other procedural issues before the administrative judge in the present case.  These allegations are, at best, made in passing and in a conclusory manner in the petition to the Board.

The Board did not address these allegations in its decision, instead focusing solely on the issue of whether Mr. Shoemaker had the authority to enter into the settlement agreement.  We understand the Board determined that those allegations were not properly raised in this case. "Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision [approving a settlement agreement] on the basis of assertions never presented to the presiding official or to the [B]oard." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) (collecting cases).  Because these issues were not

properly raised before the administrative judge or the Board, we cannot address them on review.  *See id.*

We affirm the Board's decision.

## AFFIRMED

### COSTS

No costs.