NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS S. MARSHALL,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3128

---

Petition for review of the Merit Systems Protection Board in NY0353100042-I-1.

---

Decided: November 8, 2010

---

DOUGLAS S. MARSHALL, of Guayanilla, Puerto Rico, pro se.

ELIZABETH A. SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

---

Before LOURIE, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Douglas S. Marshall ("Marshall") appeals the final decision of the Merit Systems Protection Board ("Board"), dismissing his claim for restoration rights under 5 C.F.R. Part 353. *Marshall v. U.S. Postal Serv.*, No. NY-0353-10-0042-I-1 (M.S.P.B. Apr. 22, 2010). For the reasons set forth below, this court *affirms*.

## BACKGROUND

In 1995, Marshall was a part-time letter carrier for the U.S. Postal Service ("Postal Service") in Detroit, Michigan when he suffered a knee injury. After surgery and a period of receiving worker's compensation, Marshall accepted a modified job as a City Carrier Technician in Detroit. This job carried an 8-hour workday and accomodated Marshall's physical restrictions. Effective November 27, 2004, Marshall transferred to become a part-time Flexible City Carrier in Guayanilla, Puerto Rico. For some time he was paid for 40-hours per week, but, pursuant to Postal Service policy, as a full-time employee who transferred to a part-time position, it was later determined that he was not entitled to a 40-hour work week guarantee. On October 7, 2005, Marshall accepted a part-time 36-hour work week position in Puerto Rico.

Marshall filed a complaint with the Office of Workers Compensation Program ("OWCP") for intermittent wage loss; with the Equal Employment Opportunity Commission ("EEOC") for discrimination based on race and disability; and with the United States District Court for the District of Puerto Rico for violation of the Federal Employees Compensation Act of 1990 ("FECA"), the Rehabilitation Act of 1973, and Title I and Title V of the Americans with Disabilities Act of 1990, all alleging that

he was entitled to the 40-hour work week he had before his knee injury. In each forum, it was held that Marshall's voluntary transfer from a full-time position in Detroit to a part-time position in Guayanilla was the reason for the decrease in his hours, not his knee injury.

In 2008, the Postal Service initiated a National Reassessment Process to evaluate the efficiency of the service's employment corps. Pursuant to this process, the Postal Service found that there were no tasks for Marshall to perform and put him on leave without pay status effective November 30, 2009. Marshall brought an action with the Board, claiming the Postal Service violated his restoration rights under 5 C.F.R. Part 353 by not assigning him to a 40-hour work week.

On March 16, 2010, Marshall and the Postal Service signed a settlement agreement, in which Marshall agreed to "fully and finally release[], acquit[] and discharge[] the Postal Service . . . from any and all manner of claims . . . which he now has or might have or might claim to have at this time against the Postal Service . . . arising out of Mr. Marshall's employment with the Postal Service, which were asserted or which might have been asserted in the above-captioned Appeal [to the Board]." In exchange, Marshall received a lump sum of $12,356.60. The agreement included a provision acknowledging that Marshall entered into the agreement "freely, knowingly, voluntarily and without coercion, threat or duress" and "that he understands the final and binding effect of this Settlement Agreement and General Release." Thereafter, the Administrative Judge dismissed Marshall's appeal on the basis of the settlement. Marshall appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(9).

DISCUSSION

This court will affirm the Board unless the Board's decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Marshall argues that the Board erred in failing to look past the settlement agreement because he did not enter into the agreement voluntarily and that the Postal Service was required to pay him for 40 hours per week regardless of the settlement agreement.

A settlement agreement is presumed to be valid, and "[t]hose who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden" of proving that the settlement was invalid. *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). We will set aside a settlement agreement only if it can be shown that it is unlawful, entered into involuntarily, or was the result of fraud or mutual mistake. *Sargent v. Dep't of Health and Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) (per curium).

Marshall appears to argue that he was coerced into the settlement agreement because the mediator knew that Marshall's house was being foreclosed, and recommended that Marshall "take what [he] can get." There is no evidence in the record that Marshall's decision to follow-through on the recommendation and proceed with the settlement was involuntary. Moreover, the agreement itself states that Marshall entered into the settlement "voluntarily and without coercion." Marshall has failed to carry the burden required to set aside the settlement agreement.

Second thoughts about the terms of a settlement agreement do not provide a legally cognizable basis on which to set aside the agreement. *See Miller v. U.S. Postal Serv.*, No. 99-3023, 1999 WL 159938, at *2 (Fed. Cir. Mar. 16, 1999) ("In light of this waiver [in the settlement agreement of the right to appeal], it is not available to Petitioner now to raise the issue of the fairness of the terms of the settlement agreement."). Thus, even assuming that Marshall is entitled to a 40-hour work week, and that his arguments are not foreclosed by the proceedings at the OWCP, the EEOC and the district court, we will not ignore Marshall's voluntary agreement to the terms of the settlement.

Marshall has failed to show that the Board's dismissal of his claim was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

CONCLUSION

For the foregoing reasons, this court affirms the decision of the Board dismissing Marshall's claims. Because of our holding that the settlement agreement is binding on Marshall, we do not reach the merits of Marshall's contentions regarding his entitlement to additional hours.

**AFFIRMED**

COSTS

Each party shall bear its own costs.