NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARL E. ROBBINS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2012-3177

---

Appeal from the Merit Systems Protection Board in No. SF0752110788-I-1.

---

Decided: January 17, 2013

---

CARL E. ROBBINS, of San Diego, California, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN W. WHITE, JR., Assistant Director.

---

Before PROST, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner, Carl Robbins, seeks review of the June 21, 2012 final decision of the Merit Systems Protection Board ("Board"), which dismissed Mr. Robbins's appeal for lack of jurisdiction on the basis that Mr. Robbins had waived his right to appeal his retirement in a valid settlement agreement. Robbins v. Dep't of Navy, No. SK-0752-11-0788-I-1 at 5 (M.S.P.B. June 21, 2012) ("Final Decision"). The Board found that Mr. Robbins had "not met the heavy burden of showing that the settlement agreement is invalid due to fraud, duress, coercion, or misrepresentation by the agency." Id. at 4-5. We affirm.

## BACKGROUND

Mr. Robbins was employed as a Principle Integration Program Manager in the Department of the Navy's Program Executive Office for Command, Control, Computers, Communications, and Intelligence ("Agency") in San Diego, California. On September 14, 2009, Mr. Robbins filed a formal discrimination complaint before the Equal Employment Opportunity Commission ("EEO Complaint") challenging the implementation of its National Security Personnel System ("NSPS") pay-banding system. Mr. Robbins claimed that the NSPS pay-banding system as implemented by the Agency discriminated against employees based on age.

This dispute was resolved in a written settlement agreement executed on November 15, 2010 ("Agreement"). The Agreement provided that Mr. Robbins would retire no later than January 3, 2011, and that the Agency would pay him a lump sum of $31,750.00. The Agreement resolved not only the EEO Complaint he had filed but also "any other matters arising from or related to [Mr. Robbins's] employment with the Agency occurring prior to the effective date of this . . . [A]greement." Appellee's Appendix ("A__") A2. The Agreement thus effectively resolved all employment disputes between Mr. Robbins and the Agency. Relevant here, Mr. Robbins agreed that he "shall refrain from initiating or instituting any other . . . proceedings against the Agency, the Secretary of the Navy, or any other Agency officers, officials or employees with respect to any matter arising from or related to his employment with the Agency occurring prior to the effective date of this [A]greement." A2-3. Mr. Robbins was represented by an attorney during all relevant times of this Agreement.

On January 21, 2011, Mr. Robbins acknowledged that he received the payment of $31,750.00 from the Agency pursuant to the Agreement. On January 24, 2011, the Equal Employment Opportunity Commission ("EEOC") dismissed the EEO Complaint.

On February 9, 2011, by notice of appeal, Mr. Robbins requested that the dismissal of his case be set aside and reopened. On July 26, 2011, the EEOC issued a decision denying Mr. Robbins's request. As the EEOC explained:

> The [A]greement complies with the requirements of the [Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f)] for waiver of age claims, and we conclude that Complainant's waiver of his age claim was knowing and voluntary. Complainant was represented by an attorney throughout the settlement negotiations, and he and his attorney considered the [A]greement for a period of two weeks before it was finally executed. In the [A]greement itself, Complainant specifically "certifie[d] that he has discussed all aspects of this settlement agreement with his counsel and fully understands this [A]greement." Accordingly, we conclude that the . . . [A]greement is valid and Complainant's September 2009 EEO [C]omplaint was appropriately dismissed.

A22.

On August 7, 2011, Mr. Robbins filed an appeal to the Board seeking to rescind his retirement on the basis that it was involuntary. On November 14, 2011, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. The administrative judge found that Mr. Robbins had not made non-frivolous allegations that his retirement was involuntary and had not raised an otherwise appealable action upon which the Board possessed jurisdiction. In addition to arguing involuntariness, Mr. Robbins also contended that his retirement was coerced and was in retaliation of his whistleblowing activities. The administrative judge determined that Mr. Robbins's alleged whistleblowing activities were not properly raised and that he had failed to exhaust his administrative remedies before the Office of Special Counsel prior to this appeal.

Mr. Robbins petitioned for review of the initial decision. On June 21, 2012, the full Board vacated the initial decision but dismissed the appeal for lack of jurisdiction upon other grounds. The Board held that "Mr. Robbins had not met the heavy burden of showing that the . . . [A]greement is invalid due to fraud, duress, coercion, or misrepresentation by the agency." A4-5. As a result of its finding, the Board dismissed Mr. Robbins's appeal for lack of jurisdiction on the basis that he waived his right to appeal his retirement in a valid settlement agreement. Mr. Robbins timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Under the substantial evidence standard, this court reverses the Board's decision only "if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Haebe v. Dep't of Justice, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (internal quotation omitted). This court reviews the Board's determinations of jurisdiction de novo while findings of fact are reviewed for substantial evidence. Parrott v. Merit Sys. Protection Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008).

A settlement agreement is presumed to be valid, and "[t]hose who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden" of proving that the settlement was invalid. Asberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). We will set aside a settlement agreement only if it can be shown that it is unlawful, entered into involuntarily, or was the result of fraud or mutual mistake. Sargent v. Dep't of Health and Human Servs., 229 F.3d 1088, 1091 (Fed. Cir. 2000) (per curiam).

The Board found that the types of pressures and concerns that Mr. Robbins raised to contest the Agreement were no more than pressures and concerns coincidental to the litigation process. In particular, Mr. Robbins stated: that the dispute caused great stress and anxiety for himself and his family; that litigation was expensive and would become more so if he litigated the matter to a final adjudication; and that the other party had greater resources. These contentions, according to the Board, did not constitute fraud, duress, coercion, or misrepresentation by the Agency to invalidate the Agreement.

The Board's decision was not arbitrary, capricious, or unsupported by substantial evidence. Mr. Robbins on appeal raises similar arguments made previously before the Board, but his attempt to re-litigate the same issues he waived pursuant to the Agreement is unpersuasive. The record demonstrates that Mr. Robbins waived his age discrimination claim knowingly and voluntarily. Although Mr. Robbins now contends that the Agency's offer for settlement requiring retirement was coercive and therefore, involuntary, that he had an option to refuse the offer for settlement and continue litigating his case weighs against this contention. See Whiteman v. Dep't of Transp., 688 F.3d 1336, 1340 (Fed. Cir. 2012) ("We have repeatedly held that the choice between two unattractive options does not render a decision to retire involuntary.").

Mr. Robbins also takes issue with the Agency's refusal to alter the January 3, 2011 retirement date, which was agreed upon pursuant to the Agreement. In particular, he avers that he was eligible for an "unused annual leave" payout which he would have received had his retirement date been later than January 3. As a result, he argues that the Agency had knowledge of this fact and "cheated" him out of receiving the "unused annual leave" payout. The parties agreed upon the January 3 retirement date. Such bare allegations of fraud, unsupported by corroborating evidence, are insufficient to satisfy the heavy burden that must be met in order to set aside the Agreement. See Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1355 (Fed. Cir. 2001).

Most significantly, Mr. Robbins was represented by counsel throughout the settlement negotiations, and he and his attorney considered the Agreement before it was finally executed. Pursuant to the Agreement, Mr. Robbins "certifie[d] that he . . . discussed all aspects of this . . . [A]greement with his counsel and fully underst[ood] this [A]greement." A27. The Agreement effectively resolved all employment disputes between the Agency and Mr. Robbins. Mr. Robbins cannot now attempt to litigate these issues. Hence, the Board's finding that Mr. Robbins failed to show fraud, duress, coercion, or misrepresentation was not arbitrary, capricious, or unsupported by evidence. Accordingly, we affirm the Board's holding that jurisdiction was lacking in this case.

**AFFIRMED**

No costs.