NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YONG I. FENLON,**
*Petitioner*

v.

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2014-3145

---

Petition for review of the Merit Systems Protection Board in No. SF-0432-04-0076-X-1.

---

Decided: February 5, 2015

---

YONG I. FENLON, Carlsbad, California, pro se.

LAUREN S. MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before NEWMAN, LOURIE, and DYK, *Circuit Judges.*

PER CURIAM.

Yong I. Fenlon ("Fenlon") appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing the Department of the Navy's ("the Navy") petition for enforcement ("PFE") as settled. *Fenlon v. Navy*, No. SF-0432-04-0076-X-1, 2014 WL 5320065 (M.S.P.B. June 12, 2014) ("*Opinion*"). Because the Board did not err, we affirm.

## BACKGROUND

Fenlon worked as a financial management analyst for the Navy when she was removed from her position. She appealed her removal to the Board, but in 2004, Fenlon and the Navy entered into a settlement agreement ("the 2004 agreement"). The 2004 agreement resolved "any and all other matters related to Ms. Fenlon's employment with the Navy." Resp't's App. ("App.") 18–19. Notably, it stated that Fenlon would "resign her position with the Navy effective 8 February 2003" and "w[ould] not apply for nor accept a position with the Department of the Navy any time in the future." *Id.* at 21. As part of the settlement, the Navy paid Fenlon $40,000, among other consideration.

In 2008, Fenlon applied for and accepted a budget analyst position with the Navy aboard the Marine Corps Installation West, Camp Pendleton, California. The Navy became aware of Fenlon's appointment and, in 2011, filed a PFE at the Board to enforce the 2004 agreement.

In 2012, the Board's administrative judge ("AJ") issued a recommendation in which he granted the Navy's PFE. *See id.* at 1–10. The AJ found that Fenlon breached the 2004 agreement when she applied for and accepted a position with the Navy in 2008. *Id.* at 7. The AJ dismissed as unsupported Fenlon's argument that the 2004 agreement was void and violated Department of Defense regulations. *Id.* at 8. In addition, the AJ found that

Fenlon did not act in good faith because she failed to notify the Navy when she accepted her new position and she failed to request a job that excluded Navy activities pursuant to the terms of the 2004 agreement. *Id.* "Because the essence of the agreement for the Navy was [Fenlon's] resignation and her agreement never to apply for or accept future employment with the Navy, [the AJ] recommend[ed] that the Navy be granted its requested relief to enforce the agreement" and referred the matter to the Board's Office of General Counsel. *Id.* at 10.

On May 16, 2013, Fenlon and the Navy submitted a second settlement agreement to the Board ("the 2013 agreement"). In the 2013 agreement, Fenlon agreed to resign from her budget analyst position, and the Navy agreed to withdraw its PFE. By final order dated June 12, 2014, the Board dismissed the Navy's PFE as settled. *Opinion* at *1. In its decision, the Board found that the "[2013] agreement is lawful on its face; that the parties freely entered into it; and that the subject matter of the case . . . is within the Board's jurisdiction." *Id.*

Fenlon timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Fenlon asks us to vacate the 2013 agreement, ostensibly arguing that she lacked capacity when she entered into the agreement: "Please Cancelled Considerations for Settlement Agreement between April 30, 2013 and dated May 16, 2013. Because discriminated

against when it I have been diagnosed by doctors with a diseases problem. . . . I got forced to signed and I did not read has been settled because of dangerous symptoms of Thyroid Cancer Stage of my disease." Pet'r's Br. 5 (emphases removed). The Navy responds that Fenlon has neither challenged the terms of the 2013 agreement nor challenged the Board's determination that the 2013 agreement was valid and binding, and thus does not formally address Fenlon's incapacity argument. *See, e.g.*, Resp't's Br. 10–12.

Nonetheless, we conclude that Fenlon's argument fails, and that the Board did not err in determining that the 2013 agreement "is lawful on its face" and that "the parties freely entered into it." *Opinion* at *1. "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity . . . ." *Asberry v. USPS*, 692 F.2d 1378, 1380 (Fed. Cir. 1982) (quoting *Callen v. Pa. R.R. Co.*, 332 U.S. 625, 630 (1948)).

Fenlon claims that her medical condition prevented her from entering into the 2013 agreement, but Fenlon failed to make any such argument before the Board. As we said in connection with another effort to challenge a settlement agreement on appeal from the Board's approval of the agreement, "[o]ur precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000). Moreover, and most important, Fenlon had adequate representation throughout the Board proceedings and settlement negotiations. App. 1, 13. The Board's determination was therefore not incorrect, and the 2013 agreement was therefore lawful.

Fenlon also argues that the Board erroneously failed to conduct a hearing, citing various statutes and regulations, including 29 C.F.R. Part 1614, the Equal Pay Act,

and the Rehabilitation Act of 1973, among others, arguing that she was entitled to a hearing. Pet'r's Br. 7. But those statutes and regulations are inapposite, as MSPB rules and procedures are prescribed in 5 C.F.R. §§ 1201 *et seq.* Those rules do grant an employee the right to a hearing, *id.*; 5 U.S.C. § 7701(a)(1), but if the appellant waives her right to a hearing, then the Board need not provide one, *see Callahan v. Navy*, 748 F.2d 1556, 1559 (Fed. Cir. 1984) ("All indications, therefore, lead to the conclusion that Congress intended the hearing to be for the employee's benefit. Nonetheless, if the employee forfeits the right which Congress conferred, he must forego the benefits."). Here, Fenlon neither requested a hearing nor challenged the lack of a hearing before the full Board. Resp't's Br. 7. Instead, Fenlon voluntarily entered into a settlement agreement with the Navy, and the Navy's PFE was dismissed as settled. *Opinion* at \*1–2. Accordingly, the Board did not err.

CONCLUSION

We have considered Fenlon's remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**