# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

STANLEY  SCHEINER,

Appellant,

v.

FEDERAL COMMUNICATIONS
   COMMISSION,

Agency.

DOCKET NUMBERS
DC-0752-14-0744-I-3
DC-1221-17-0037-W-1[1]

DATE: March 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Douglas Hartnett, Esquire, Washington, D.C., for the appellant.

Christopher Morgan and Lily Sara Farel, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[3]

---

[1] We have joined these two appeals on review based on our determination that joinder will expedite processing of the cases and will not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(b).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[3] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    The appellant has filed petitions for review of the initial decisions, which dismissed as settled the appeal of his removal and his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decisions contain erroneous findings of material fact; the initial decisions are based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeals or the initial decisions were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the cases; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the records closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2    Effective March 31, 2014, the agency removed the appellant, an Attorney Advisor, based on: (1) excessive absences; and (2) absence without leave and failure to request leave following proper procedures. *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-0752-14-0744-I-1, Initial Appeal File (IAF), Tab 1 at 19-26. On appeal to the Board, he argued that the charges were unsubstantiated and that the penalty was too severe, and he alleged that the agency's action was due to disability discrimination based on failure to accommodate and retaliation for engaging in equal employment opportunity activity, making protected disclosures, and exercising his rights under the Family and Medical Leave Act. *Id.* at 6-7. He requested a hearing. *Id.* at 2. The

administrative judge dismissed the appeal without prejudice for a period of 60 days, in part because the appellant indicated that he had a complaint pending before the Office of Special Counsel (OSC) regarding his claim of whistleblower retaliation. IAF, Tab 6, Initial Decision at 1-3. The administrative judge dismissed the refiled appeal without prejudice after determining that the parties were actively engaged in extensive discovery and that it did not appear that they would be ready for the scheduled hearing. *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-0752-14-0744-I-2, Tab 70, Initial Decision at 1-3. After the appeal was again refiled, discovery continued. *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-0752-14-0744-I-3, Appeal File (I-3 AF), Tabs 3-14, 16-22, 24-31, 40-43, 45-53.

¶3        During a prehearing conference, the administrative judge informed the parties that the appellant had failed to file an IRA appeal and that his whistleblowing claim would be limited to the removal action. Subsequently, the appellant filed a "Motion to Consolidate this Complaint with Appellant's IRA Complaint[4] filed on October 16, 2016." I-3 AF, Tab 54. He indicated that, beginning in 2011 and continuing to date, he made disclosures to agency management, the Office of Inspector General, Human Resources officials, and OSC concerning alleged fraud in a specific program that was under investigation. *Id.* at 16, 35-41. He stated that he already had filed complaints with OSC but that they had been dismissed. *Id.* at 17. The appellant claimed that, again, beginning in 2011, the agency began to retaliate against him based on his disclosures and that the retaliation continued up until his removal in 2014. *Id.* at 18-30. He stated that he only received OSC's closure letters dated July 22, 2015, August 24, 2015, and May 17, 2016, *id.* at 47-50, on October 15, 2016, *id.* at 30-31, and he argued that, under the circumstances, the deadline for filing his IRA appeal

---

[4] As did the administrative judge, we understand the appellant's motion to be a request that the administrative judge join his removal appeal with the IRA appeal he was filing that day.

should be equitably tolled. *Id.* at 42-43. The appellant submitted an affidavit in support of his position, *id.* at 44-45, and he also filed a supplemental pleading regarding his motion to join his appeals, I-3 AF, Tab 55. In her prehearing conference summary, the administrative judge denied the appellant's motion, not crediting his claims in support of his request for waiver of the filing deadline. I-3 AF, Tab 57 at 13-14.

¶4      That same day, the administrative judge docketed the appellant's IRA appeal. *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-1221-17-0037-W-1, Initial Appeal File (W-1 IAF), Tab 1. The administrative judge set forth the time limits for filing an IRA appeal with the Board under 5 U.S.C § 1214(a)(3) and 5 C.F.R. § 1209.5(a)(1) and (2) which provide, in pertinent part, that an IRA appeal must be filed no later than 65 days after the date of issuance of OSC's written notification that it has terminated its investigation of the appellant's allegations or, if the appellant shows that OSC's notification was received more than 5 days after the date of issuance, within 60 days after the date the appellant received OSC's notification. W-1 IAF, Tab 4 at 1-2. The administrative judge advised the appellant that, based on the May 17, 2016 closure letter from OSC, his October 16, 2016 IRA appeal appeared to have been filed 87 days late. *Id.* at 2. The administrative judge further explained that a "good cause" standard did not apply to such a timeliness determination but that the appellant could attempt to establish that the principle of equitable tolling should be applied to waive the filing deadline and under what circumstances Federal courts typically extend such relief. *Id.* at 2-3. The administrative judge afforded the appellant 10 days in which to respond to her order, *id.* at 3, which he did in several "preliminary" submissions, W-1 IAF, Tabs 6-8, and the agency also filed a response, W-1 IAF, Tab 10.

¶5      Meanwhile, the appellant filed a motion to reschedule the hearing on his removal appeal, set to begin in 6 days, pending the administrative judge's ruling on the timeliness of the IRA appeal, I-3 AF, Tab 64, and he also moved that the

administrative judge reconsider her denial of his motion to join the two appeals, 1-3 AF, Tab 65. The administrative judge denied both motions, stating that the appellant would have a full opportunity to brief the issue of the timeliness of his IRA appeal, after which, upon review, she would either dismiss the appeal as untimely or schedule a hearing on the IRA appeal at a future date. W-1 IAF, Tab 11. Thereafter, the appellant sought an extension of time in which to file additional evidence on the timeliness issue, W-1 IAF, Tab 12, which the administrative judge granted, W-1 IAF, Tab 13.

¶6 On the day of the administrative judge's order and prior to the scheduled hearing, however, the parties submitted a settlement agreement resolving both appeals. W-1 IAF, Tab 14; I-3 AF, Tab 67. The agreement provided in pertinent part that the agency would pay the appellant's attorney $150,000, rescind and expunge any and all documentation referencing the removal action from the appellant's Official Personnel File, and process his resignation "for medical reasons," effective March 31, 2014, the date of his removal. The appellant agreed to waive his right to pursue and irrevocably release the agency from all claims arising out of his employment with the agency which he brought or could have brought in any forum. W-1 IAF, Tab 14; I-3 AF, Tab 67. On the basis of the agreement, the administrative judge dismissed the appeals as settled. W-1 IAF, Tab 15, Initial Decision; I-3 AF, Tab 68, Initial Decision.

¶7 The appellant has filed identical petitions for review in both appeals, *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-1221-17-0037-W-1, Petition for Review (W-1 PFR) File, Tab 1; *Scheiner v. Federal Communications Commission*, MSPB Docket No. DC-0752-14-0744-I-3, Petition for Review (I-3 PFR) File, Tab 1, the agency has filed identical responses, W-1 PFR File, Tab 5; I-3 PFR File, Tab 5, and the appellant has filed identical replies,[5] W-1 PFR File, Tab 6; I-3 PFR File, Tab 6.

---

[5] In our discussion on review, we will cite only to "PFR File" for the sake of clarity.

## ANALYSIS

¶8        A party may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake.  *E.g.*, *Sargent v. Department of Health & Human Services*, 229 F.3d 1088, 1091 (Fed. Cir. 2000); *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994).  To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts.  *Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 6 (2009).  A party challenging the validity of a settlement agreement bears a "heavy burden."  *Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1380 (Fed. Cir. 1982).  An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement.  *Potter*, 111 M.S.P.R. 374, ¶ 6; *Thompson v. Department of Veterans Affairs*, 52 M.S.P.R. 233, 237 (1992).

¶9        The appellant does not allege, nor do we discern any basis upon which to find, that the settlement agreement here was unlawful.  Neither does the appellant suggest, nor the record show, that he entered into the agreement involuntarily.  Paragraph 10 of the settlement agreement specifically provided that the parties agreed that the agreement constituted a voluntary act, free from undue influence, fraud, misrepresentation, or coercion.  W-1 IAF, Tab 14; I-3 AF, Tab 67.  Moreover, the appellant was represented by counsel during negotiations, and his attorney signed the agreement as did he.  *Cf. Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 18 (2006) (finding that representation by counsel is significant in determining the validity of an appeal-rights waiver).

¶10       The appellant has not shown that the agency acted fraudulently regarding the settlement agreement.  Any purported error by OSC in sending the closure letter to a prior representative of the appellant's cannot be attributed to the agency.  With his petition for review, the appellant has submitted a December 5,

2016 letter from OSC suggesting such an error. PFR File, Tab 1 at 10. Although the letter is dated after the close of the record on review, to constitute new and material evidence, the information contained in the document, not just the document itself, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The appellant has failed to show that he could not have timely secured this information by contacting OSC earlier regarding the status of his complaint.

¶11 In addition, the appellant has not shown that the parties operated under mutual mistake sufficient to justify striking the agreement as invalid. Although they may have shared the perception that the appellant's IRA appeal was untimely, the administrative judge had not explicitly ruled on that issue prior to the date the parties settled the appeals. On the contrary, she had directed the parties to address the issue of equitable tolling and had granted the appellant's request for additional time in which to submit his evidence and argument on that issue, but the parties reached a settlement only several days after the administrative judge granted the appellant's request for an extension. W-1 IAF, Tabs 11-14.

¶12 Finally, the appellant has not shown that he had no other option but to accept the terms of the agreement. As we have found, he could have timely pursued the matter with OSC to learn the status of his complaint and included that information in his response to the administrative judge's order on the issue of the applicability of equitable tolling. He also could have proceeded to hearing in his removal appeal and presented evidence on his claim of retaliation for whistleblowing. Even after he had signed the agreement, the appellant could have acted on its right-to-revoke provision, I-3 AF, Tab 67 at 6; W-1 IAF, Tab 14 at 6; yet he did not exercise that option.

¶13 In sum, we find that the appellant has failed to meet his burden of showing that the settlement agreement was unlawful, involuntary, or the result of fraud or mutual mistake. *Asberry*, 692 F.2d at 1380.

¶14     On review, the appellant argues that the time limit for the filing of his IRA appeal should be equitably tolled based on the December 5, 2016 letter from OSC that he submitted with his petition for review and that we have declined to consider, having found that it is not new evidence. In any event, the issue of the timeliness of the appellant's IRA appeal is no longer before the Board because of the parties' settlement agreement, which we have found to be valid.

¶15     The appellant also challenges on review the administrative judge's earlier denial of his request to join his two appeals, arguing that the administrative judge was misled into thinking that he had agreed that the representative to whom the May 16, 2016 closure letter was sent was actually his representative at the time, when that was not the case. PFR File, Tab 1 at 8-9. Administrative judges have wide discretion to control the proceedings over which they preside, including ruling on motions. 5 C.F.R. § 1201.41(b)(8). The appellant's motion for joinder was filed a week before the removal hearing was set to begin, after the parties had participated in extensive discovery regarding that appeal over several years. The administrative judge's denial of the motion based on the record before her was well within her discretion. As noted, she advised the parties that she would consider the timeliness of the appellant's IRA appeal after considering their additional evidence and argument and that, if she found the appeal timely, she would schedule a hearing at a future date. W-1 IAF, Tabs 11, 13. The appellant agreed to settle both appeals the following day. W-1 IAF, Tab 14. Although he suggests that proceeding to hearing following the administrative judge's ruling would have been, for him, a "fruitless exercise," PFR File, Tab 1 at 5, his suggestion assumes that the administrative judge would have found his IRA appeal untimely. As we have found, however, she had not yet made a finding as to timeliness, and it was the appellant's decision to settle his appeals that prevented her from making a definitive ruling on that issue. The appellant has not shown that the administrative judge's ruling was an abuse of discretion or that it otherwise prejudiced his substantive rights. *Cf. Fulton v. Department of the*

*Army*, [95 M.S.P.R. 79](#), ¶ 11 (2003) (finding that the Board will not disturb an administrative judge's denial of a party's proposed witnesses unless such denial constitutes an abuse of discretion).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. [5 U.S.C. § 7703](#)(b)(1)(A).

---

[6] Since the issuance of the initial decisions in these matters, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.